## 72084. HUNTER v. THE STATE.
### (347 SE2d 2)

McMurray, Presiding Judge.

Defendant appeals from her conviction of two counts of violation of the Georgia Controlled Substances Act (selling cocaine and selling marijuana). *Held*:

The two counts of the indictment charging defendant were predicated upon two separate but similar incidents which occurred on successive nights. The following narrative describes the State's evidence as to the substance of both incidents: A co-conspirator accompanied an undercover law enforcement officer and his informant to defendant's residence. The law enforcement officer and his informant waited in front of the house in an automobile while the co-conspirator went into the house. (According to the co-conspirator, defendant would not deal directly with the undercover law enforcement officer.) The co-conspirator returned to the law enforcement officer's automobile after a brief period and related, to the officer, defendant's statement that she was willing to sell a quantity of an illegal drug for a specified sum. After further discussion of the transaction the co-conspirator returned to the house with instructions to convey, to defendant, the law enforcement officer's acceptance of her terms. Thereafter, defendant would drive away from the premises. (The co-conspirator stated to the law enforcement officer that defendant did not keep the drugs at the residence.) The officer and his informant waited in the automobile. Upon the return of the defendant the transaction was completed when the co-conspirator carried the money inside the house and returned with the drugs.

Defendant contends that the trial court violated her Sixth Amendment confrontation rights by admitting into evidence hearsay testimony regarding declarations attributed to her by her co-conspirator. The declarations were admitted under the co-conspirator's exception to the hearsay rule codified as OCGA § 24-3-5.

"The thrust of *Dutton v. Evans*, [400 U. S. 74 (91 SC 210, 27 LE2d 213)], is that in cases involving a co-conspirator exception to the hearsay rule, the admission of the statement of a co-conspirator does not violate the confrontation clause if the statement and the circumstances surrounding it contain sufficient 'indicia of reliability.' *Mooney v. State*, 243 Ga. 373 (3) (254 SE2d 337) (1979). *Dutton v. Evans* identified at least four factors indicative of reliability: ' "(1) (T)he declaration contained no assertion of a past fact, and consequently carried a warning to the jury against giving it undue weight; (2) the declarant had personal knowledge of the identity and role of participants in the crime; (3) the possibility that the declarant was relying upon faulty recollection was remote; and (4) the circumstances under which the statements were made did not provide reason to be-

lieve that the declarant had misrepresented the defendant's involvement in the crime." ' *United States v. Fielding*, 630 F2d 1357, 1368 (9th Cir. 1980)." *Castell v. State*, 250 Ga. 776, 779 (1 (b)) (301 SE2d 234).

All of these factors are present in the case sub judice. A demonstration of the unavailability of the co-conspirator was not required under the circumstances of the case sub judice. *Ohio v. Roberts*, 448 U. S. 56, 65 (fn. 7) (100 SC 2531, 65 LE2d 597). Therefore, we conclude that the defendant's Sixth Amendment rights were not violated by introduction of testimony regarding the co-conspirator's declarations.

*Judgment affirmed. Pope, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JUNE 16, 1986.

*Jerry L. Steering*, for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.