## A95A0877. MOORE v. THE STATE.
### (458 SE2d 479)

BLACKBURN, Judge.

The appellant, Harris Linton Moore, appeals his conviction of the offenses of driving under the influence and of violating the terms of a probationary license issued after his driver's license was revoked for being a habitual violator.

The evidence viewed in the light most favorable to the jury's verdict shows that at approximately 12:00 a.m. on January 26, 1994, Deputy Sheriff Paula Edens observed Moore sitting in the driver's seat of a vehicle parked in front of a closed convenience store. The headlights and the engine of the vehicle were on. The officer pulled behind the vehicle, checked the registration on the tag, and reported that the vehicle looked suspicious. Thereafter, the deputy asked Moore to roll down the driver's side window but Moore was only able to partially lower the window. Once the window was lowered, the officer detected a strong odor associated with alcoholic beverages. The deputy asked Moore to turn off the engine of the vehicle, and as he attempted to do so, he caused the vehicle to lunge backwards.

The deputy assisted Moore in exiting the vehicle, and Moore was extremely unsteady on his feet and he could not balance himself without assistance. Moore's speech was slurred and his motor skills were impaired. His eyes were bloodshot and glassy and his face was flushed. His clothing was disheveled. Moore became belligerent when asked if he had been drinking and gave the deputy an ID card in response to her request for his driver's license. Following his arrest, Moore was advised of his implied consent rights from a card formerly used by the sheriff's department. In apprising him of those rights, Corporal McSwain informed Moore that he was entitled to an additional chemical test at his own expense after he submitted to a state administered test. He was not informed that he could choose his own qualified person to administer additional tests. Moore refused to submit to any state-administered test.

1. Initially, Moore maintains that the trial court erred in admitting into evidence his refusal to submit to a state-administered test because he was not properly advised of the implied consent warnings.

Under Georgia law, "where a law enforcement officer requests a person to submit to a chemical test because of acts alleged to have been committed while operating a motor vehicle while under the influence of alcohol or drugs, and the officer arrests that person on this

ground, OCGA § 40-6-392 (a) (4) requires that the officer inform him at the time of arrest of his right to an independent chemical analysis to determine the amount of alcohol or drugs present in his blood." (Punctuation and emphasis omitted.) *Vandiver v. State*, 207 Ga. App. 836, 837 (1) (429 SE2d 318) (1993). A defendant's refusal to permit a chemical analysis to be made of his blood, breath, urine, or other bodily substance at the time of his arrest is admissible in evidence against him in any criminal trial. OCGA § 40-6-392 (d). However, a defendant must knowingly, wilfully, and voluntarily refuse to submit to a state-administered test before such refusal is admissible. See *State v. Leviner*, 213 Ga. App. 99 (3) (443 SE2d 688) (1994). A criminal defendant is not required to submit to a state-administered test if he has not been properly informed of his implied consent rights. *Vandiver*, supra. Under such circumstances, the refusal is justified, and any evidence of the refusal is inadmissible. Id.

In the present case, Corporal McSwain informed Moore the following: "After submitting to the required testing, you are entitled to additional chemical tests at your own expense." Although a law enforcement official is not required to give a verbatim recitation of OCGA § 40-6-392, the warning given in this case is deficient because it failed to inform Moore of his right to choose his own qualified person to administer the additional test. *State v. Causey*, 215 Ga. App. 85 (449 SE2d 639) (1994). A motorist cannot be deprived of an opportunity to make an informed choice under the implied consent statute. *Leviner*, supra. Consequently, Moore's choice was uninformed and any evidence of his refusal was inadmissible at trial. *Vandiver*, supra. Therefore, Moore is entitled to a new trial without that evidence. Id.

2. Based upon our decision in Division 1 above, we need not address Moore's remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 27, 1995 —
RECONSIDERATION DENIED JUNE 6, 1995 — 

*Ruskell & Harris, G. Channing Ruskell, N. Jackson Harris*, for appellant.

*Garry T. Moss, District Attorney, Margaret E. Daly, Assistant District Attorney*, for appellee.