A97A1081. SAMPLES v. THE STATE.
(490 SE2d 172)

Judge Harold R. Banke.

Agbert Larry Samples, Jr. was convicted of driving while intoxicated (less safe to drive) ("DUI"). On appeal, he enumerates two errors.

This case arose after a deputy working the graveyard shift observed Samples drive through a stop sign without completely stopping and then turn so quickly that his wheels squealed and the rear of his car fishtailed. The officer observed Samples repeat this driving pattern further up the road. After the officer stopped the car, he noticed that Samples was unstable in his footing, his eyes were red and bloodshot, and he smelled like he had been drinking. Samples' speech was broken and hard to understand, and he failed two field sobriety tests. The officer then arrested Samples for DUI and administered the *Miranda* and implied consent warnings. After the officer asked Samples if he would submit to the tests, Samples allegedly refused to answer and did not take a test.

Prior to trial, Samples moved in limine to exclude at trial "evidence of . . . [his] silence or refusal to answer." He argued that the State should be precluded from commenting upon his silence after administering the *Miranda* warning. The trial court granted the motion, excluding evidence of Samples' refusal to take the test. The court reasoned that because Samples was *Mirandized* prior to his mute refusal to submit to testing, due process protected his post-arrest silence.

During the arresting officer's direct examination, while exploring the details of the arrest, the State asked whether Samples had been *Mirandized*. The officer unresponsively replied, "I advised him of his *Miranda* Warning and Implied Consent." At that point,

Samples moved for a mistrial, arguing that the mere mention of implied consent so prejudiced the jury as to deny him a fair trial. The court denied the motion, but gave a curative instruction, explaining it had previously determined that the implied consent warning given was legally insufficient and, as a result, no alcohol concentration test had been administered. The court directed the jury to refrain from drawing any harmful inference from that fact. *Held*:

1. We reject Samples' contention that the mere mention of the implied consent warning required a mistrial. The purpose of the motion in limine and the order granting it was to protect Samples' exercise of his right to remain silent. We fail to see how the officer's nonresponsive use of the two words "implied consent" abridged that right when he made no mention of Samples' silence or any blood alcohol test. *Jordan v. Johnson*, 223 Ga. App. 875, 876 (479 SE2d 175) (1996) (physical precedent only) (party who complains of violation of order in limine bears the burden of showing the court ruled so as to limit the evidence in the particulars claimed).

Moreover, even if the injection of the words "implied consent" was improper, the curative instruction rendered any error harmless. *Crawford v. State*, 256 Ga. 585, 587 (2) (351 SE2d 199) (1987). " ' "Where a motion for mistrial is made on the ground of inadmissible matters being presented to the jury, the corrective measure to be taken by the trial court . . . is largely a matter of discretion, and where (, as here,) proper corrective measures are taken and there is no abuse of that discretion, a refusal to grant a mistrial is not error." ' (Citations omitted.) [Cit.]" *Griffin v. State*, 221 Ga. App. 138, 141 (3) (470 SE2d 744) (1996) (physical precedent only); see *Lashley v. State*, 196 Ga. App. 672, 673 (1) (396 SE2d 590) (1990).

2. We likewise reject Samples' contention that reversal is required because the trial court improperly commented on the evidence in administering the above-mentioned curative instruction. The record shows that the court never expressed an opinion on what the evidence showed or any issue related to Samples' guilt.[1] *Dixon v. State*, 196 Ga. App. 15, 19 (10) (b) (395 SE2d 577) (1990) (courts are

---

[1] The trial court instructed the jury as follows: "Members of the jury, at this time, the court instructs you with respect to the last response of this witness in regard to what he made reference to as the Implied Consent Rights. The court at a pretrial hearing in this case has determined that the Implied Consent Rights that were administered or given to the Defendant at the time of his arrest in this case were legally insufficient as a matter of law. As a result of that, there was no test administered subsequent to the arrest of the Defendant to determine blood alcohol concentration. Now, the court further instructs you that this jury would not be authorized to draw any inference adverse or harmful to the Defendant with respect to this matter, . . . that the fact that no test was administered . . . nothing adverse or harmful to the Defendant can be drawn from the fact that it was not given due to the State's omission to properly advise him of the Implied Consent Rights that would have been legally required."

prohibited from expressing or intimating an opinion about what has or has not been proved). It simply related an undisputed fact to the jury, that the implied consent warning Samples received was inadequate. See *Thompson v. State*, 258 Ga. 816, 817 (3) (375 SE2d 219) (1989). In any event, Samples failed to demonstrate how he was harmed by the instruction. *Ely v. State*, 222 Ga. App. 651, 653 (3) (475 SE2d 647) (1996).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 25, 1997 — ▮▮▮▮▮

*Debra G. McDonald*, for appellant.

*Kenneth W. Mauldin, Solicitor, Ruth M. Bebko, Assistant Solicitor*, for appellee.