## A98A1516. WOFFORD v. THE STATE.
### (506 SE2d 656)

ANDREWS, Chief Judge.

Kenneth Wofford appeals from the judgment entered after a jury found him guilty of DUI. For the reasons which follow, we affirm the judgment of the trial court.

The evidence at trial was that on the night in question, a Cobb County police officer saw Wofford pull out in front of two cars onto Delk Road, forcing both cars to slam on their brakes. The officer followed Wofford's car and saw it swerving in and out of its lane.

After the officer stopped Wofford, he walked up to the car and noticed that Wofford's eyes were bloodshot and he smelled strongly of alcohol. The officer asked Wofford if he had been drinking, and Wofford replied he had drunk six or seven beers.

The officer then asked Wofford to perform several field sobriety tests, including the horizontal gaze nystagmus, one-leg stand, walk and turn, finger to nose, ABCs, and an alco-sensor test. The officer was not National Highway Traffic Safety Administration-certified and did not score the tests, but only made observations about Wofford's performance.

Based on these observations, the officer arrested Wofford, charging him with DUI, failure to yield the right of way and failure to maintain lane. The officer placed Wofford in the rear of his patrol car and attempted to read him the implied consent warning. The officer testified that Wofford was uncooperative and he had a hard time getting him into the police car. The officer stated that Wofford would not calm down and continued to talk incessantly. Because Wofford was being difficult, the officer told him that he was being videotaped, even though no tape was in the machine and the equipment was not operating.

After Wofford calmed down, the officer was able to read the implied consent notice and request that Wofford take a blood test, which Wofford refused to do. At trial, the jury found Wofford guilty of DUI, and this appeal followed.

1. In his first enumeration of error, Wofford contends the trial court should have granted his motion for new trial because the arresting officer used the word "failed" in conjunction with Wofford's field sobriety tests. At the pretrial hearing on Wofford's motion in limine, the trial court ruled that the arresting officer "could not use the words he passed or failed a test," referring to the field sobriety

tests. During cross-examination, the officer stated, "And you got to remember he has failed every single test on my —," at which point defense counsel objected and the jury was excused.

The court denied Wofford's motion for mistrial, but gave the following curative instruction: "A roadside test can never be a test that is either passed or failed. The roadside test is only an indicator that, taken with other evidence and observations, can assist an officer in making a decision to arrest or not to arrest a citizen subject to violating a statute of this state. . . ."

"Where a motion for mistrial is made on the ground of inadmissible matters being presented to the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and where, as here, proper corrective measures are taken and there is no abuse of that discretion, a refusal to grant a mistrial is not error." (Punctuation omitted.) *Samples v. State*, 227 Ga. App. 596, 597 (1) (490 SE2d 172) (1997). The curative instructions rendered any error harmless.

2. Next, Wofford argues the officer was not qualified to testify about the results of the horizontal gaze nystagmus test he administered to Wofford. But, the trial transcript shows the officer was not allowed to testify and did not testify as to any results of the HGN test. The officer's only testimony on the HGN test was that Wofford moved his head while taking the test although he was instructed not to do so. An officer may testify about his observations while administering a test. *Simms v. State*, 223 Ga. App. 330, 333 (2) (477 SE2d 628) (1996); *Sieveking v. State*, 220 Ga. App. 218, 219-220 (469 SE2d 235) (1996).

3. Next, Wofford claims the officer testified improperly about the alco-sensor test. The testimony in question was a statement by the officer that an alco-sensor "gives a reading for the blood alcohol concentration." Wofford argues that the jury could infer from this that the officer knew Wofford's blood alcohol concentration before the arrest.

The judge, after discussion with both sides, gave the following curative instruction: "you will disregard any and all testimony at this point that has been given in the case regarding an Alcosensor. You will give it no consideration. And as a matter of fact, you will consider this case as if that portion of the questioning never occurred." In light of the above, refusal to grant a mistrial over this testimony was not error. *Samples*, supra.

4. Wofford also contends the trial court should have granted a mistrial because of the prosecutor's improper statements during closing argument as follows: "what he will do if you find him not guilty in the case is, he'll do it again." Defense counsel objected, and the court advised the jury as follows: "no reference will be made speculatively

as to what a person will state in the future or do in the future. Your attention has to be what has occurred in the past. And you are looking at facts in the evidence that you have observed during the trial in order to make a decision of guilt or innocence."

"The extent of a rebuke and instruction is within the discretion of the court, and when the improper remarks are cured by timely corrective action calculated to preserve the defendant's right to a fair trial, then we cannot say that the court abused its discretion in refusing to grant a mistrial." (Punctuation omitted.) *Horah v. State*, 173 Ga. App. 306, 309 (4) (325 SE2d 917) (1985).

5. Wofford next argues that, under the totality of the circumstances, the cumulative effect of these errors denied him a fair trial. This state does not recognize the cumulative error rule. *Bridges v. State*, 268 Ga. 700, 708 (9) (492 SE2d 877) (1997).

6. Next, Wofford claims the court should have suppressed evidence of his refusal to submit to a blood test because the officer read him a deceptive implied consent warning. Wofford claims he refused to submit to the requested blood test because he did not believe there would be any penalties in his home state of South Carolina, i.e., that only his driving privileges in Georgia would be affected.

There is no merit to this enumeration. Wofford does not contend the implied consent warning the officer read to him was not correct, but rather, that it was misleading, citing *State v. Coleman*, 216 Ga. App. 598 (455 SE2d 604) (1995), which urged the legislature to change the wording of the implied consent warning to make it clear a motorist can also face penalties in his home state. The legislature did not follow the urging of this Court. The proper implied consent warning as enacted by the legislature was read to defendant without error. OCGA § 40-5-67.1.

7. Wofford also contends the trial court should have suppressed evidence of his refusal of the blood test due to his reliance upon false statements of the officer concerning the taping of the arrest. The officer told Wofford that the stop was being videotaped; however, the camera was not running. Wofford claims that since he was relying on the videotape to show he was not drunk, he thought he was safe in refusing to submit to the blood test. Therefore, Wofford argues the evidence of his refusal should have been suppressed. We disagree.

We note at the outset that Wofford cites to no case law on point in support of this claimed error, and we find none. Moreover, there is no evidence of bad faith or evidence that the misrepresentation resulted in any constitutional violation. See, e.g., *Arizona v. Youngblood*, 488 U. S. 51 (109 SC 333, 102 LE2d 281) (1988) (due process violation if police failure to preserve evidence was done in bad faith); *State v. Ritter*, 268 Ga. 108 (485 SE2d 492) (1997) (because of officers' misrepresentations, trial court correctly found defendant's incrimi-

nating statement was not voluntarily made); *Beasley v. State*, 204 Ga. App. 214 (419 SE2d 92) (1992) (consent to search was not voluntary when officer misled appellant by saying that purpose of urine test was to determine amount of bond and never informed appellant that it could be used as evidence against him); *Spaulding v. State*, 195 Ga. App. 420 (394 SE2d 111) (1990) (no due process violation since defendant could not show bad faith in police destruction of videotape). The officer testified that the only reason he lied to Wofford about the camera was because Wofford was being uncooperative and would not stop talking long enough for the officer to read the implied consent warning. Under these circumstances, we find no error.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 10, 1998 — ▮▮▮▮▮▮

*William C. Head*, for appellant.

*Barry E. Morgan, Solicitor, Laura J. Murphree, Assistant Solicitor*, for appellee.