A98A1943. CLARK v. THE STATE.
(510 SE2d 907)

McMURRAY, Presiding Judge.

In a special presentment, defendant LaShun Monte Clark and co-indictee Barron Anthony Blackshear were charged with a single

violation of the Georgia Controlled Substances Act for selling cocaine. The evidence at defendant's jury trial revealed that Detective Bobby Young of the Vidalia Police Department supervised a controlled buy of narcotics, with Swainsboro police officer Dennis Mason in plain clothes driving an unmarked van. Hidden in the van were patrolmen Tony Phillips and Joel Williams. On the night in question, Officer Mason "pulled up and approached three males, [and] asked one of them where [he] could find some rock. . . . One of them said, 'Right here, man.' And as he approached the window, [Officer Mason] gave him a twenty dollar bill and he dropped the rock cocaine in [the officer's] hand. At that time [Officer Mason] proceeded to throw the vehicle in park and grab, the subject [ran] from [him], and [Officer Mason] proceeded to chase him on foot. While in the chase, [Officer Mason] identified [him]self as a police officer, and he continued to run. [Fifteen minutes later, Officer Mason] identified this gentleman here[, i.e., defendant, through] a picture [at the] Vidalia Police Department." Officer Mason expressly identified defendant in court as "the one [the officer] received the cocaine from[, and] the one who took the money."

The jury found defendant guilty as charged. Pursuant to the grant of an out-of-time appeal, defendant challenges the sufficiency of the evidence as to the identity of the perpetrator. *Held*:

1. Defendant first contends the trial court erroneously permitted Officer Tony Williams, one of the two patrolmen in the back of the van, to testify he overheard Barron Anthony Blackshear, "right as the drug transaction was taking place [say], 'Shun, hurry up. It might be the 'trol.' " He argues this is hearsay which is not admissible to prove identity, in conjunction with Officer Williams' knowledge that "Shun . . . is what [he, i.e., defendant, is] called on the street." We disagree.

"After the fact of conspiracy is proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all." OCGA § 24-3-5. Compare OCGA § 24-3-52. "Contrary to defendant's assertion, [Officer Williams'] testimony as to the [statement] made by [Blackshear] was not inadmissible simply because [Blackshear] was not available for cross-examination. *Castell v. State*, 250 Ga. 776, 779-780 (301 SE2d 234) (1984). The [statement] contained sufficient indicia of reliability to ensure that defendant's Sixth Amendment rights were not violated. Id." *Robertson v. State*, 268 Ga. 772, 776 (11) (493 SE2d 697). See also *Hunter v. State*, 179 Ga. App. 368 (347 SE2d 2) (physical precedent).

2. Next, defendant contends Officer Mason's in-court identification constituted reversible error, arguing it was based on an impermissibly suggestive one-on-one show-up because Officer Mason identified defendant after examining only a single photograph. But

defendant raised no objection to this evidence until his second motion for new trial.

Where an objection to evidence is raised for the first time in a motion for new trial or in this Court, nothing is presented for review. *Fitzgerald v. State*, 193 Ga. App. 76, 77 (5) (386 SE2d 914). This Court will not consider issues and grounds for objection, even of constitutional magnitude, which were not raised and determined in the trial court. *Gee v. State*, 210 Ga. App. 60, 61 (3) (435 SE2d 275).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JANUARY 19, 1999 —
RECONSIDERATION DENIED JANUARY 29, 1999 — 

*D. Duston Tapley, Jr.,* for appellant.

*Richard A. Malone, District Attorney, William S. Askew, Assistant District Attorney,* for appellee.