### A99A0144. MILES v. THE STATE.
(513 SE2d 39)

Judge Harold R. Banke.

Gregory J. Miles was convicted of driving under the influence ("DUI").[1] He enumerates two errors, both asserting that the admission of evidence of his post-arrest silence when asked to submit to a blood test violated his constitutional rights.

This case arose after local law enforcement established a road block to check insurance cards, licenses and tags on the entrance ramp of an interstate highway. Four patrol cars, with their emergency equipment activated, illuminated the clear, dark night. Around 4:00 a.m., a number of cars pulled onto the ramp. Miles' car was among them. After he drove onto the ramp, he cut his lights, opened the door and started to walk up the ramp, leaving his car blocking the road.

The arresting officer followed Miles, running to catch up with him. When the officer called out to Miles, instructing him several times to come back, Miles ignored him. Although Miles maintained a swift pace, the officer finally intercepted him and asked why he left. Miles refused to answer, but emitted a "real strong odor" of alcoholic beverages. As the officer walked Miles back down to his vehicle, Miles appeared unsteady on his feet, and refused to answer any questions, such as why he left his vehicle, whether it belonged to him and whether he had a license. Miles' only response was his name and birth date. From this, the officer concluded that Miles' speech was slurred. After reaching Miles' car, the officer read Miles his *Miranda* rights. *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). When asked if he would perform field sobriety tests, Miles gave no response. The officer then arrested Miles, read him the implied consent warning, and ultimately drove him to a local hospital

---

[1] Miles was subsequently served with an habitual violator revocation order.

for a blood test. The officer explained that it was voluntary, but once again Miles refused to respond in any way.

At trial, Miles unsuccessfully argued that the trial court erred in admitting evidence that he refused to take the blood test, when he was exercising his right to remain silent. *Held*:

1. Miles maintains that his post-arrest silence when asked to take the blood test is inadmissible because the *Miranda* warnings he received promised that his silence would not be used against him. Assuming without deciding that this argument is preserved, we disagree.[2]

"A defendant's refusal to permit a chemical analysis to be made of his blood, breath, urine, or other bodily substance at the time of his arrest is admissible in evidence against him in any criminal trial." *Moore v. State*, 217 Ga. App. 536, 537 (1) (458 SE2d 479) (1995). Each defendant who receives the implied consent warning is informed of this fact. OCGA § 40-5-67.1 (b). We see no reason, in the circumstances of this case, why silence in the face of a request to take such a test should be treated any differently than a refusal. *Allen v. State*, 229 Ga. App. 435, 437-438 (1) (494 SE2d 229) (1997) (A "non-verbal refusal" to take a breath test is admissible). "[T]he choice afforded a suspect under the Implied Consent Statute does not rise to the level of constitutional self-incrimination." *State v. Highsmith*, 190 Ga. App. 838, 839 (380 SE2d 272) (1989); accord *Buchnowski v. State*, 233 Ga. App. 766, 768 (2) (505 SE2d 263) (1998).

*Samples v. State*, 227 Ga. App. 596 (490 SE2d 172) (1997), does not require a different result. The admission of post-arrest silence when asked to submit to testing was not at issue there. *Samples* held that a mistrial was not required upon the mere mention of the implied consent warning after the trial court excluded evidence of a mute refusal to take the test. *Samples*, 227 Ga. App. at 596-597.

2. Miles' second enumeration is deemed abandoned. Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 23, 1999 —

*Chestney Hawkins Law Firm, Robert W. Chestney*, for appellant.
*Carmen Smith, Solicitor, Phillip Jackson, Jody L. Peskin, Assistant Solicitors*, for appellee.

---

[2] Miles' *Miranda* related argument appears to be limited to the field sobriety tests which are not addressed in his brief.