A99A0444. TEAT v. THE STATE.
(516 SE2d 794)

MCMURRAY, Presiding Judge.

Defendant John Michael Teat was charged in an indictment with two counts of aggravated assault for shooting Darenda Johnson and Carl Burrill with a handgun and further charged with armed robbery for taking an automobile from the immediate presence of Carl Burrill by use of a handgun. The jury found him guilty of both counts of aggravated assault and also found him guilty of theft by taking as a lesser included offense to armed robbery. Defendant was sentenced as a recidivist. His motion for new trial as amended was denied, and this appeal followed. *Held*:

1. Defendant's first enumeration contends the trial court "erred in calling a witness who did not qualify" under OCGA § 17-7-130.1.

Pursuant to Uniform Superior Court Rule ("USCR") 31.4, defendant gave written pretrial notice of his intent to raise issues of insanity and mental illness in his defense. Under OCGA § 17-7-130.1 and USCR 31.5, the trial court appointed Michael Singletary and William Battles, M.D. "to examine defendant and to testify at his trial concerning his mental condition." At trial, both Michael Singletary and Dr. Battles were called as court witnesses, and each witness was cross-examined by defendant without any contemporaneous objection to qualifications. Michael Singletary works at Georgia Regional Hospital in Augusta in Forensic Services. He has a bachelor's degree in psychology, a master's degree in special education, and another master's degree in psychology. He is licensed as a mental health counselor by the State of Georgia, has worked in mental health for 28 years, and has performed "over 2,500 court-ordered evaluations." On appeal, defendant argues the trial court erred in qualifying Michael Singletary as an expert witness on the ground that Singletary is not licensed as a psychologist by the State of Georgia and further erred in denying defendant's motion for new trial on this ground.

(a) "Where an objection to evidence is raised for the first time in a motion for new trial . . ., nothing is presented for review. *Fitzgerald v. State*, 193 Ga. App. 76, 77 (5) (386 SE2d 914)." *Clark v. State*, 236 Ga. App. 153, 154-155 (2) (510 SE2d 907). In the case sub judice, "[t]hese objections were not raised by defendant at trial. Absent timely objection, we find no reversible error." *Taylor v. State*, 261 Ga. 287, 290 (1) (b) (404 SE2d 255).

(b) Defendant also objects to the order of presentation, contending the trial court erred in permitting the State to present a psychiatrist, Suzanne Canning, M.D., as a rebuttal witness. But this objection is beyond the scope of the error as enumerated and will not be considered. An enumeration of error cannot be enlarged by appellant's brief to raise an issue not reasonably contained in the error as originally enumerated. *Chesser v. State*, 228 Ga. App. 164, 167 (2) (491 SE2d 213).

2. Next, defendant contends the trial court erred in overruling his motion for new trial on the special ground of ineffective assistance of trial counsel. Specifically, he argues trial counsel was ineffective in failing to disqualify the witness Julius Moses; in failing to move for a mistrial when the State allegedly placed defendant's character in evidence; and in failing to object to the testimony of Michael Singletary.

"In order to prevail on a claim of ineffective assistance of

counsel, a defendant must first show (1) that defense counsel's performance was deficient, and (2) that the defense was prejudiced by the deficient performance, i.e., show a reasonable probability that but for the trial counsel's (un)professional errors, the result of the proceeding would have been different. (Cit.)" [Cit.]

*Esquivel v. State*, 236 Ga. App. 325 (512 SE2d 61).

The decisions on which witnesses to call, whether and how to conduct cross-examination, which jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client. *Johnson v. State*, 214 Ga. App. 77, 79 (1) (447 SE2d 74). Trial counsel's strategic decisions made after thorough investigation are virtually unchallengeable. *Stephens v. State*, 265 Ga. 120, 122 (2) (453 SE2d 443). The trial court's determination that a defendant has not been denied effective assistance of counsel will be affirmed unless that conclusion is clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641).

(a) In the case sub judice, trial counsel successfully impeached Julius Moses as a prior felon and did in fact raise concerns about the competency of this witness, due to a "strong odor of alcohol about his body and breath. . . ." The trial court concluded the witness was not incompetent to testify under OCGA § 24-9-6, but that any possible state of intoxication goes to the credibility of the witness. This ruling was entirely correct. *Whitus v. State*, 222 Ga. 103, 110 (2) (149 SE2d 130), rev'd on other grounds, sub nom. *Whitus v. Georgia*, 385 U. S. 545 (87 SC 643, 17 LE2d 599). The tactical decision not to pursue this potential challenge further, after the trial court's correct ruling, is not any evidence that counsel's performance fell outside the broad range of acceptable performance that members of the bar in good standing are presumed to render. See *Shaw v. State*, 211 Ga. App. 647, 649 (2) (440 SE2d 245).

(b) During cross-examination of defendant, the State attempted to elicit just why defendant returned to the Biscayne Room despite victim Carl Burrill's previous threats. Defendant responded: "I think it was like — Carl does not own the Biscayne Room. It's open to the public. I was court ordered to go there. I didn't have a choice." On appeal, defendant argues trial counsel was ineffective for failing to move for a mistrial on the ground the State improperly placed defendant's character in issue. We need not decide whether such failure amounted to deficient performance. " 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.' [Cit.]" *Hammond v. State*, 264 Ga. 879, 880 (1) (452 SE2d 745).

In our view, evidence that defendant was under court order to attend AA meetings, as a condition of probation, could not reasonably have contributed to the jury's verdicts, and so counsel's failure to move for a mistrial did not undermine the reliability of the result in this case. Id.

(c) Next, defendant contends trial counsel was deficient in failing to object to the testimony of Michael Singletary, arguing the entire testimony of this witness could have been excluded at trial because Singletary is not a licensed psychologist. This contention is without merit. A witness need not be licensed to practice psychology in Georgia in order to qualify as an expert in matters of psychology or mental health. *Taylor v. State*, 261 Ga. at 289 (1) (a), supra.

(d) Defendant's final contention is that trial counsel was deficient in failing to object to Dr. Suzanne Canning as a rebuttal witness, arguing the order of testimony is established by OCGA § 17-7-130.1. Assuming that Code section applies as defendant contends, nevertheless, " '[d]iscretion in regulating and controlling the business of the court is necessarily confided to the [presiding] judge. . . .' *Carr v. State*, 76 Ga. 592 (2c); Code Ann. § 24-104 [now OCGA § 15-1-3]." *Simpkins v. State*, 149 Ga. App. 763, 769 (4) (256 SE2d 63). The order of presentation did not unfairly prejudice defendant in this case. Consequently, the trial court correctly denied defendant's motion for new trial on the special ground of ineffective assistance of counsel. *Shaw v. State*, 211 Ga. App. at 649 (2), supra.

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED APRIL 23, 1999 —
RECONSIDERATION DENIED MAY 4, 1999 — 

*Timmons, Haggard & Carney, John W. Timmons, Jr.*, for appellant.

*Harry N. Gordon, District Attorney, Henry R. Thompson, Assistant District Attorney*, for appellee.