A99A2495. ELLISON v. THE STATE.
(530 SE2d 524)

MILLER, Judge.

Based on a videotape and police testimony that he purchased cocaine from an undercover officer, Ronald Ellison was convicted of possession of cocaine. Testimony also indicated that he exhibited signs of intoxication after driving his vehicle and that he refused a breath test, resulting in a conviction for driving under the influence. Following the denial of his motion for new trial, he appeals pro se on numerous grounds, none of which has merit. We therefore affirm.

1. In two related enumerations of error, Ellison focuses on the seven-week interval between his arrest on March 1, 1996, and his committal hearing on April 17. Citing OCGA § 17-4-62, he argues that because this preliminary hearing did not take place within 48 hours of his warrantless arrest, his conviction should be overturned.

Ellison's argument fails for two reasons. First, on the day after his arrest, police obtained an arrest warrant for Ellison based on an

affidavit regarding the undercover cocaine sale. *Dean v. State*[1] held that obtaining an arrest warrant from a neutral magistrate within 48 hours of a warrantless arrest, even without an adversarial hearing, satisfies the statute.[2] Second, even if police had violated the statute, this would not invalidate Ellison's conviction.[3]

2. Ellison contends that he was denied due process when the arresting officers failed to give him *Miranda* warnings. But these procedural safeguards are required only in the context of custodial interrogation.[4] Here, there was no evidence of a custodial interrogation or of any incriminating custodial statements made by Ellison. Therefore, this contention is without merit.

3. Ellison bases two enumerations of error on the State's introduction of his refusal to take the breath test. An officer testified that he read to Ellison the requisite "implied consent" notice set forth in OCGA § 40-5-67.1 (b). Therefore, Ellison's refusal to submit to the test was admissible as evidence against him.[5] This does not rise to the level of constitutional self-incrimination.[6]

4. Ellison claims that some evidence showed the audio on the videotape had been altered and therefore the videotape's admission against him was error. This claim fails for three reasons. First, Ellison did not object to the videotape when it was introduced into evidence and therefore waived this issue.[7] Second, he testified himself that, with the exception of some lighting, the videotape accurately depicted the events of that night. And finally, an officer explained that the reason the audio was not clear was due to the quality of the courtroom equipment. Ellison's objections go to the weight and credibility of the videotape and not to admissibility. It was within the province of the jury to resolve these matters.

5. Ellison argues that the court erred in failing to charge the jury on entrapment. But Ellison admitted that he voluntarily and without enticement approached the officers with the intent of purchasing illegal drugs. Claiming he asked only to buy marijuana, he denied that he sought or received cocaine. Not only does this show a lack of enticement by the officer,[8] but his denial of the cocaine offense precluded an entrapment defense.[9]

---

[1] 250 Ga. 77, 81 (2) (b) (295 SE2d 306) (1982).

[2] See *Lambert v. McFarland*, 612 FSupp. 1252, 1261 (N.D. Ga. 1984) (ex parte determination of probable cause satisfies statute).

[3] See *Vaughn v. State*, 248 Ga. 127, 130 (1) (a) (281 SE2d 594) (1981).

[4] *Leatherwood v. State*, 212 Ga. App. 342, 343 (2) (441 SE2d 813) (1994).

[5] OCGA §§ 40-5-67.1 (b); 40-6-392 (d).

[6] *Miles v. State*, 236 Ga. App. 632, 633 (1) (513 SE2d 39) (1999).

[7] *Benson v. State*, 233 Ga. App. 58, 60 (3) (503 SE2d 316) (1998); see *McGee v. State*, 205 Ga. App. 722, 729 (13) (423 SE2d 666) (1992).

[8] See *Anderson v. State*, 200 Ga. App. 29, 30 (7) (406 SE2d 791) (1991).

[9] *Hinton v. State*, 236 Ga. App. 140, 142 (511 SE2d 547) (1999).

6. Ellison complains that the trial court took too long to transmit his record to this Court. Such, however, provides no grounds for overturning his conviction. His complaint that transcripts were not forwarded to this Court is simply inaccurate.

7. The remaining enumerations of error focus on Ellison's general contention that he received ineffective assistance of counsel. Under *Strickland v. Washington*,[10] Ellison bore the burden of showing his counsel's actions were deficient and prejudiced his defense. The trial court's determination of this question against Ellison is not to be disturbed unless clearly erroneous.[11] Ellison did not make the necessary showings.

(a) Ellison first contends that he received ineffective assistance at his preliminary hearing because counsel failed to meet with him before that hearing. This argument is without merit, because a preliminary hearing is not required and even waiver of the hearing cannot constitute ineffective assistance of counsel.[12] Thus, failure of an attorney to meet with a client before the hearing is not deficient performance. In fact, errors in that hearing cannot in and of themselves afford grounds for relief when the defendant, as here, is subsequently indicted by a grand jury.[13] Nor could Ellison show any harm resulting from his attorney's performance at that hearing. He made no statements at the hearing that were later used against him, nor does the record show that he was injured by the denial of the opportunity to preserve testimony favorable to him.[14]

(b) Ellison next contends that because his counsel represented seven other people who were arrested for buying illegal drugs in the same reverse sting operation but who chose to plead guilty, counsel therefore had a conflict in representing Ellison. But the record is devoid of any evidence of an actual conflict of interest. "Single representation of multiple defendants raises no per se presumption of conflict of interest or prejudice."[15] Nothing shows that Ellison was at cross-purposes with any of the other persons arrested for other transactions that day. Because any conflict of interest in representing multiple defendants must be palpable and have a substantial basis in fact, speculative conflicts afford no basis for an ineffective assistance claim.[16]

---

[10] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[11] *Teat v. State*, 237 Ga. App. 867, 869 (2) (516 SE2d 794) (1999).

[12] *Cargill v. State*, 255 Ga. 616, 621-622 (1) (340 SE2d 891) (1986); *McClarity v. State*, 234 Ga. App. 348, 351-352 (3) (a) (506 SE2d 392) (1998).

[13] *Taylor v. State*, 177 Ga. App. 624 (1) (340 SE2d 263) (1986).

[14] See *Barksdale v. State*, 161 Ga. App. 155, 157 (2) (291 SE2d 18) (1982).

[15] (Citation omitted.) *Hamilton v. State*, 255 Ga. 468, 470 (2) (339 SE2d 707) (1986).

[16] *Lamb v. State*, 267 Ga. 41, 42 (1) (472 SE2d 683) (1996); see *Curry v. State*, 238 Ga. App. 511, 518 (3) (a) (519 SE2d 269) (1999).

(c) Ellison claims his counsel failed to cross-examine the undercover officer adequately. Though this officer was cross-examined at length, Ellison feels that additional matters should have been covered; in fact, these matters had already been explained. Whether and how to conduct cross-examination, made after consultation with the client, are trial tactics that are virtually unchallengeable in an ineffective assistance claim.[17] We discern no error here.

(d) Ellison faults his attorney for failing to argue the defenses of selective prosecution and entrapment. But based on Ellison's own appellate argument that 20 other people were arrested in the sting operation that day, a selective prosecution claim hardly seems likely.[18] And, as discussed above, no evidence supported an entrapment defense.

The trial court did not clearly err in determining that Ellison did not meet his burden of showing ineffective assistance.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 8, 2000.

Ronald Ellison, *pro se.*

Kenneth B. Hodges III, District Attorney, Sadhana Pandey, Assistant District Attorney, for appellee.

---

[17] *Teat*, supra, 237 Ga. App. at 869 (2).

[18] Cf. *Mackey v. State*, 235 Ga. App. 209, 210 (2) (509 SE2d 68) (1998).