## A00A1415. JOINER v. THE STATE.
### (537 SE2d 792)

MILLER, Judge.

Convicted of shoplifting, Linda Simpson Joiner moved for a new trial on the ground that she received ineffective assistance of counsel. After a hearing, the trial court denied the motion, and Joiner appeals. We affirm.

Under *Strickland v. Washington*,[1] Joiner must show that her counsel's performance was, in specified instances, deficient and that the deficient performance prejudiced her defense. The trial court's determination of this question will not be disturbed unless clearly erroneous.[2]

1. Joiner first contends that her trial counsel was ineffective in selecting a career prosecutor who ran a "tough on crime" campaign to sit on the jury. At the hearing on the motion for new trial, counsel explained that she chose this juror because she would have a better understanding of the unreliability of eyewitness identification — the main thrust of her client's defense. Counsel also stated that she chose this juror because she "is forthright in her dealings. . . ." This is, in our view, perfectly valid trial strategy. Informed strategic choices are virtually unchallengeable.[3] Based on trial counsel's testimony explaining why she thought the juror would be a good choice, the trial court was authorized to find that Joiner was not denied effective assistance.

Moreover, even assuming counsel were deficient in selecting the juror, Joiner has not met the second prong of the *Strickland* test in that she has not shown that there was a reasonable probability that the jury would have reached a different verdict, absent the presence of this particular juror.[4]

2. Joiner was previously found not guilty of another shoplifting charge alleged to have occurred two months prior to the incident charged in the present case. She contends that trial counsel's introduction of a surveillance video, which was used in the previous trial in which Joiner was acquitted of shoplifting, improperly placed her

---

[1] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[2] *Williams v. State*, 239 Ga. App. 598, 599 (2) (521 SE2d 650) (1999); *Teat v. State*, 237 Ga. App. 867, 869 (2) (516 SE2d 794) (1999).

[3] *Green v. State*, 242 Ga. App. 868, 872 (5) (b) (532 SE2d 111) (2000).

[4] See *Concepcion v. State*, 205 Ga. App. 138, 139 (421 SE2d 554) (1992).

character into evidence. Trial counsel testified that the defense in both cases was mistaken identity and that she admitted the videotape from the first trial because the jury in that trial indicated to her that they did not believe Joiner was the person depicted on the tape.

Strategic and tactical decisions are the exclusive province of counsel after consultation with the client.[5] The tactical decision to use the videotape, in the hope that the jury would have difficulty making an identification as did the jury in the previous case, is not any evidence that counsel's performance fell outside the broad range of acceptable performance that members of the bar in good standing are presumed to render.[6]

Joiner testified that trial counsel said that "she would use [the videotapes], but then she said she might not use them." Joiner also testified that she did not give any input on this issue. So Joiner's additional argument that trial counsel failed to discuss this issue with her is rebutted by Joiner's own testimony.

3. Finally, Joiner argues that her trial counsel failed to inform her of plea offers and failed to inform her of the effect of recidivist punishment, specifically that Joiner would have to serve all ten years if convicted. Trial counsel testified unequivocally that she discussed the State's many plea offers with Joiner on several occasions and specifically told her that the State was seeking recidivist punishment and that no portion of the ten-year sentence would be probated. Joiner denied that her counsel discussed these matters with her, but the credibility of the witness is a matter within the trial court's discretion.[7] The trial court, who found that Joiner's testimony was not credible, was authorized to believe the testimony of trial counsel over that of Joiner.[8]

We discern neither deficient performance by trial counsel nor prejudice to Joiner's defense. Therefore, the court did not clearly err in denying Joiner's motion for new trial based on ineffective assistance of counsel.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JULY 28, 2000.

*Summer & Summer, Elizabeth B. Reisman*, for appellant.

---

[5] *Teat*, supra, 237 Ga. App. at 869 (2); *Benefield v. State*, 231 Ga. App. 80-81 (497 SE2d 650) (1998).
[6] See *Teat*, supra, 237 Ga. App. at 869 (2) (a).
[7] *Curry v. State*, 238 Ga. App. 511, 522 (5) (b) (519 SE2d 269) (1999).
[8] See id.

*Lydia J. Sartain, District Attorney, Jason J. Deal, Assistant District Attorney*, for appellee.