## S03A0086. PERALTA v. THE STATE.
(576 SE2d 853)

BENHAM, Justice.

Appellant David Peralta was indicted for the malice murder, felony murder, and aggravated assault of Rebecca Moore, and the aggravated assaults of five other people. The jury convicted him of all the charges in which Moore was the victim, and acquitted him of the other aggravated assault charges.[1] He appeals from the judgment of conviction, contending that he is entitled to a new trial because the prosecuting attorney, despite defense counsel's requests, did not disclose a deal it allegedly had struck with a jail inmate who testified against appellant.

1. The State presented evidence that the victim was killed by gunshots fired from a car that pulled alongside the car in which she was riding. One bullet struck her in the arm and the other in the neck where it perforated a major artery and a major vein, and then went on to damage a lung. Appellant fled from Georgia after the victim was shot and was arrested three weeks later in New Orleans,

---

[1] The crimes occurred on January 25, 2001. A true bill of indictment was returned April 16, 2001, and a jury trial was held September 17-21, 2001. Immediately after the jury's return of its verdicts on September 21, the trial court sentenced appellant to life imprisonment for malice murder and ruled that the aggravated assault conviction merged as a matter of fact. The felony murder conviction was vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). New counsel filed a timely motion for new trial on October 1, 2001, and amended it on February 28, 2002. After presiding over a hearing on the amended motion, the trial court denied the motion on July 30. Appellant filed a timely notice of appeal on August 28, 2002, and the case was docketed in this Court on September 19. It was submitted for decision on the briefs.

Louisiana. Two occupants of the car in which the victim was riding separately selected appellant's photograph as one depicting the shooter. Two DeKalb County jail inmates testified appellant had told them he had shot up a car and killed a female who had threatened to tell his pregnant girlfriend about his relationship with her. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Several months after appellant's conviction, one of the jail inmates who had testified for the State in appellant's trial passed a note to appellant in the DeKalb County Jail where the two were incarcerated. In the note, the inmate apologized to appellant for having testified falsely against him and stated he had done so to avoid the murder charge that had been pending against him at the time of appellant's trial. The apologetic inmate had been charged with murder in an unrelated case and pled guilty to voluntary manslaughter after testifying in appellant's trial. As a result of the written correspondence, appellant amended his pending motion for new trial to assert that his due process rights were violated because the prosecution had failed to disclose the deal it had made to the inmate in exchange for testimony and had knowingly used false testimony without correcting it. Appellant also contended the inmate's letter constituted newly-discovered evidence entitling him to a new trial.

After presiding over an evidentiary hearing on the amended motion at which the inmate, his trial counsel, appellant's trial counsel, the investigating detective in appellant's case, and the assistant district attorneys prosecuting appellant and the inmate testified, the trial court concluded that appellant failed to prove that the prosecution had failed to reveal evidence of a deal or that perjury had been committed at appellant's trial. The trial court found there was no deal between the inmate and the State other than to have the assistant district attorney prosecuting the inmate tell the judge sentencing the inmate of the inmate's cooperation in appellant's trial, and that this agreement had been disclosed to appellant's defense counsel. The trial court found "not credible" the inmate's claims to have "made up" the statement he gave police about appellant, and found it more likely that the inmate had changed his testimony to ameliorate the damage of being known at the jail as a snitch. The trial court's findings of fact on motion for new trial are upheld unless clearly erroneous. *Cromartie v. State*, 270 Ga. 780 (24) (514 SE2d 205) (1999); *White v. State*, 221 Ga. App. 860 (2) (473 SE2d 539) (1996). Since the factual findings are not clearly erroneous, i.e., there is evidentiary support for them, we agree with the trial court's legal conclusions that appellant did not establish the existence of a deal not revealed to the defense and did not establish that the State knowingly used

perjured testimony. Accordingly, the trial court did not err when it denied appellant's amended motion for new trial.

*Judgment affirmed. All the Justices concur, except Hunstein,. J., who is disqualified.*

DECIDED FEBRUARY 10, 2003.

*Christopher E. Latham*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Elisabeth G. Macnamara, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.