## A03A2040. DRUMMER v. THE STATE.
## A03A2041. FINCH v. THE STATE.
### (591 SE2d 481)

Miller, Judge.

Tried together, Kelwin Drummer and Edward Finch were convicted of armed robbery and other crimes, all arising out of the shooting and robbery of a man who had given them a ride to the store. They both challenge the sufficiency of the evidence, and Finch further claims that the court erred in allowing testimony at trial about alleged threats he made to intimidate a witness. We discern no error and affirm.

Construed in favor of the verdict, the evidence shows that the victim was attending a party at an apartment in which Drummer temporarily resided. Drummer asked the victim for a ride to the nearby store to obtain a cigar. At the store, the victim paid for some cigarettes and for Drummer's cigar from a roll of bills (approximately $130) he kept in his front shirt pocket. Drummer took note of the display of money.

The men returned to the apartment, and Finch at some point came to the apartment. Finch privately showed to Drummer a handgun he was carrying. Around midnight the victim prepared to leave for home. Drummer, Finch, and a third man had a private conversation outside the apartment. As the victim was leaving, Drummer broke from the conversation and asked the victim for a ride to the store to purchase another cigar. The victim agreed, and Drummer, Finch, and the victim got into the victim's vehicle for the short trip.

When they arrived at the store, Drummer claimed he had no money and asked the victim for money to buy the cigar (even though Drummer had money of his own, as well as money gathered from others to pay for the cigar). In view of Finch and Drummer, the victim removed the roll of bills from his pocket and gave $2 to Drummer. Drummer purchased the cigar, and the victim drove the two men back to the apartment complex. As they passed through the parking lot of a nearby apartment building, Finch said, "[H]ey, what do you think about this?" and shot the victim in the head, blinding him. Still conscious, the victim stopped the car, got out, and threw all his money on the ground in the belief that this was what the two men

wanted. The victim heard both Drummer and Finch exit the vehicle and felt both stick their hands in his pockets as he stood there blinded and helpless. Finch asked, "This is all you got?" The victim heard both men pick up the money from the ground and flee. The victim managed to regain some sight and drove back to the store, where police were called. As a result of the shooting, the victim lost an eye and suffered facial paralysis.

Immediately following the shooting, Drummer and Finch returned to the apartment, making no efforts to summon emergency assistance for the victim. Drummer gave Finch $25 for cab fare. After Finch left, Drummer told others about the shooting and admitted that he had taken some of the money.

Following a jury trial, Drummer was convicted of armed robbery and theft by taking, and Finch was convicted of armed robbery, aggravated battery, and two firearm possession crimes.[1] Finch moved for a new trial, which was denied. Drummer appeals in Case No. A03A2040, and Finch appeals in Case No. A03A2041.

1. Both men challenge the sufficiency of the evidence. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendants no longer enjoy the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendants guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) *Patterson v. State*, 225 Ga. App. 515 (484 SE2d 317) (1997).

Regarding Finch, the evidence shows that Finch, who was a convicted felon, used a gun to shoot the victim and then stole his money after demanding if that was all the victim had. The shooting cost the victim his eye. The evidence amply supported convictions for armed robbery (OCGA § 16-8-41 (a)), aggravated battery (OCGA § 16-5-24 (a)), possession of a firearm during the commission of a crime (OCGA § 16-11-106 (b) (1)), and possession of a firearm by a convicted felon (OCGA § 16-11-131 (b)).

Regarding Drummer, the evidence shows that he was a party to

---

[1] The jury also found both men guilty of aggravated assault, but at sentencing the court merged this crime into the armed robbery crime.

and an active participant in the armed robbery.[2] See OCGA § 16-2-20. "Presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Footnote omitted.) *Davenport v. State*, 255 Ga. App. 593, 594 (1) (565 SE2d 900) (2002). The evidence shows that (i) Drummer saw the victim's cash during the first store trip, (ii) Drummer knew of Finch's gun, (iii) Drummer conferred with Finch just before the victim was to leave for home and then asked the victim for a second ride to the store, (iv) even though he had his own money and the money of others, Drummer asked the victim for money to buy the second cigar, which required the victim to display his money again, (v) Drummer with Finch rifled through the victim's pockets after Finch shot the victim in Drummer's presence, (vi) Drummer picked up at least some of the money the victim had thrown to the ground after being shot, (vii) Drummer gave money to Finch so Finch could escape in a cab, and (viii) Drummer did nothing to report the crime or to call for emergency assistance for the victim, whom he had just seen shot in the head. This evidence sufficed to sustain Drummer's conviction for armed robbery. See OCGA § 16-8-41 (a).

2. Finch argues that the court erred in allowing Drummer to question a witness about alleged threats against her should she testify. Finch claims that this introduced bad character evidence against him. Our review of the testimony and questioning at issue reveals that — except for one final question that the witness *did not answer* and to which objection *was sustained* — none of the questioning mentioned or implied that Finch was the alleged source of the threats. Accordingly, this was not bad character evidence against Finch, and he experienced no prejudice from the testimony. We discern no error.

*Judgments affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED DECEMBER 11, 2003.

*Elizabeth H. Eason*, for appellant (case no. A03A2040).
*Christopher G. Paul*, for appellant (case no. A03A2041).
*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.

---

[2] Drummer does not challenge his conviction for theft by taking.