## A04A0680. RAMBO v. THE STATE.
(598 SE2d 85)

JOHNSON, Presiding Judge.

A jury found Cyrus Rambo guilty of armed robbery, aggravated assault, and possession of a firearm during the commission of a crime.

---

[2] See Court of Appeals Rule 7.
[3] See Court of Appeals Rules 7, 26 (a); *Falice v. Brightwell,* 219 Ga. App. 163-164 (465 SE2d 730) (1995).

Rambo appeals, alleging the evidence was insufficient to support his convictions, the trial court erred in denying his motion for a mistrial, the trial court erred in permitting the expert witness to invade the province of the jury, and the state made an improper closing argument. We find no error and affirm Rambo's convictions.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[2] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

Viewed in this light, the evidence shows that three co-defendants testified that Rambo gave them a gun and a brown leather bag, and directed them to rob a pawn shop. Rambo possessed another gun in the car. Rambo drove them to the pawn shop, where the co-defendants got out of the car and entered the pawn shop. The victim, his wife and two children, and a customer were in the store. One of the co-defendants shot the victim and demanded that the victim's wife give them guns contained in a case at the pawn shop. The co-defendants put the guns in a bag and ran out of the pawn shop. Two bystanders chased the co-defendants and managed to get the bag containing the weapons. The co-defendants were later apprehended by the police.

Rambo contends the evidence was insufficient to support his convictions as a party to the crime because the state failed to prove that the co-defendants were members of a gang working under Rambo's direction. However, whether the co-defendants were gang members is irrelevant. All three co-defendants specifically testified that Rambo directed them to commit the crimes and provided them with a gun. In fact, the evidence shows that Rambo drove the co-defendants to the pawn shop. And, another witness testified that Rambo told her later that night that the gun used by the co-defendants was his and that he "got the boys in trouble." "Presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be

---

[1] *Cockrell v. State*, 248 Ga. App. 359 (1) (545 SE2d 600) (2001).

[2] *Odett v. State*, 273 Ga. 353-354 (1) (541 SE2d 29) (2001).

[3] *Parnell v. State*, 260 Ga. App. 213, 218 (6) (581 SE2d 263) (2003).

inferred."[4] Rambo's argument regarding the credibility of the co-defendants was an issue for the jury to resolve.[5] The trial court did not err in denying Rambo's motion for a new trial on the basis of insufficient evidence.

2. Rambo contends the trial court abused its discretion when improper character evidence was presented to the jury by a prosecution witness. We find Rambo has waived this issue. The record shows that one of the co-defendants testified that, prior to robbing the pawn shop at issue in this case, the co-defendants and Rambo entered another pawn shop intending to steal a phone. Rambo's attorney interrupted the witness, objected to the testimony, and moved for a mistrial. The trial court granted the objection and immediately instructed the jury to disregard the co-defendant's comments because they had nothing to do with the case being tried. Following the curative instructions, Rambo's attorney did not renew his motion for a mistrial, request any other remedial measures from the court, or indicate in any way that the curative instructions were inadequate.

It is well settled that where a defendant objects and moves for a mistrial during the examination of a witness, and the trial court denies the motion but takes some corrective action, if the defendant is dissatisfied with that action, he must renew the objection or motion; otherwise, the issue is waived.[6] By failing to renew his objection following the trial court's cautionary instructions, Rambo has waived this issue on appeal.[7]

3. Rambo contends the trial court erred in permitting an expert witness to testify to the ultimate issue in the case: whether Rambo was a gang member and directed the activities of the co-defendants. We first note that we do not agree with Rambo's characterization of the ultimate issue in this case. While gang membership may have been discussed in the case, the ultimate issue was whether Rambo participated in the crimes and could be convicted as a party to the crimes. Moreover, the record shows that Rambo did not object to the testimony at issue. Therefore, this matter would not normally be subject to appellate review. This Court "will not consider issues and grounds for objection, even of constitutional magnitude, which were not raised and determined in the trial court."[8]

---

[4] (Citation and punctuation omitted.) *Drummer v. State*, 264 Ga. App. 617, 619 (1) (591 SE2d 481) (2003).

[5] Id. at 618.

[6] *Wilkins v. State*, 261 Ga. App. 856, 858 (2) (583 SE2d 905) (2003).

[7] *Bussey v. State*, 263 Ga. App. 56, 60 (2) (587 SE2d 134) (2003).

[8] (Punctuation and footnote omitted.) *Worthy v. State*, 252 Ga. App. 852, 854 (3) (557 SE2d 448) (2001).

Conceding that he has waived the issue, Rambo argues that the testimony was so harmful and prejudicial that it deprived him of his constitutional right to a fair trial. This contention is unavailing.

> Under the "plain error" doctrine, we will consider issues not properly raised and ruled upon in the trial court when the alleged error is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding.[9]

We do not find that this is such a case.

Here, we are not convinced that the expert's testimony actually usurps the jury's province to decide the ultimate issue. Furthermore, even if the expert's comments can be construed as an opinion on the ultimate issue, the expert's comments were not the only evidence linking Rambo to the crimes.[10] Rambo's three co-defendants testified that Rambo participated in the offenses. Because there was overwhelming evidence of Rambo's guilt, we find no basis for concluding that any error in the admission of the testimony at issue seriously affected the fairness, integrity, or public reputation of the judicial proceedings, and we find no grave miscarriage of justice in failing to notice any forfeited error.[11]

4. Rambo argues that the trial court erred when it allowed the state during closing argument to make a derogatory reference to the defense attorney. Specifically, the prosecutor commented that Rambo's attorney questioned one of the co-defendants about things the defense attorney knew because he was present when the co-defendant was sentenced. A careful review of the closing argument at issue shows that while the prosecuting attorney may have briefly commented unfavorably upon the actions of opposing counsel in the manner in which he defended this case, he did not denigrate his role nor did he impugn the defense attorney's character and integrity.[12] The prosecutor's remarks were quite brief and were only a minor aspect of a long and detailed argument by the prosecutor.

These factors, considered in connection with the overwhelming evidence of Rambo's guilt, clearly show that this minor portion of the state's argument does not warrant reversal of Rambo's convictions. "Remarks not likely to prejudice a defendant's right to a fair trial do

---

[9] (Citation and punctuation omitted.) *Zackery v. State*, 262 Ga. App. 646, 650 (2) (586 SE2d 346) (2003).

[10] See *Petty v. State*, 260 Ga. App. 38, 39 (1) (579 SE2d 23) (2003); *Gosnell v. State*, 247 Ga. App. 508, 510 (2) (c) (544 SE2d 477) (2001).

[11] See *Thorne v. State*, 246 Ga. App. 741, 743 (2) (542 SE2d 157) (2000).

[12] Compare *Geoffrion v. State*, 224 Ga. App. 775, 780 (8) (c) (482 SE2d 450) (1997).

not create reversible error."[13] In addition, regardless of the merits of Rambo's contention, we consider it highly probable that the prosecutor's remarks did not contribute to the verdict.[14] This enumeration is without merit.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED APRIL 6, 2004.

*Ellis R. Garnett*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[13] (Citations omitted.) *Ortiz v. State*, 222 Ga. App. 432, 434 (4) (474 SE2d 300) (1996).

[14] *Moses v. State*, 270 Ga. 127, 129 (2) (508 SE2d 661) (1998).

[1] *Cockrell v. State*, 248 Ga. App. 359 (1) (545 SE2d 600) (2001).

[2] *Odett v. State*, 273 Ga. 353-354 (1) (541 SE2d 29) (2001).

[3] *Parnell v. State*, 260 Ga. App. 213, 218 (6) (581 SE2d 263) (2003).