A04A1133. ALWIN v. THE STATE.
(599 SE2d 216)

ELDRIDGE, Judge.

Brian Alwin and co-defendants Mark Lewis Amacher and Ryan Davis Moose, were indicted by the Richmond County Grand Jury for conspiracy to commit insurance fraud, burglary, aggravated assault upon Christopher Allen Rabun, kidnapping of Rabun, criminal damage to property in the second degree, obstructing and hindering a person making emergency telephone calls, and battery of Stephanie Marie Smith. Prior to Alwin's trial, both co-defendants entered guilty pleas. A jury found Alwin not guilty of conspiracy to commit insurance fraud and guilty on the remaining charges. Alwin appeals from the denial of his motion for new trial. Without challenging the sufficiency of the evidence, Alwin alleges error in that (1) the jurors which heard his case were in the courtroom during co-defendant Moose's entry of a guilty plea, and (2) his counsel was ineffective for failing to seek a hearing under *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the evidence shows that on the evening of May 22, 2001, Alwin, Amacher, and Moose visited several restaurants together. Throughout the evening, Amacher heard parts of conversations between Moose and Alwin in which they planned for Alwin to beat up Moose's former

---

[24] See id.

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

roommate, Rabun, in exchange for Moose stealing and blowing up Alwin's truck so that Alwin could collect the insurance money. Rabun allegedly owed Moose money.

Later that evening, Alwin and Amacher went to the apartment Rabun shared with Smith. Rabun answered the door and, upon recognizing Alwin and Amacher, allowed them into the apartment. Alwin attacked Rabun; placed him in a headlock, choking him; and dragged him outside. After Rabun lost consciousness, Alwin continued to hit Rabun in the back of the head. During the initial confrontation between Alwin and Rabun, Smith was in another room. However, upon hearing the commotion, she ran into the living room and saw Alwin slamming Rabun's face into the closet door. Amacher pulled over the entertainment center, breaking the items inside. When Smith tried to make an emergency call for help, Amacher grabbed the telephone from her hand, pulled it from the wall, and threw it across the room. Amacher grabbed Smith and threw her across the room, causing her to hit her head on the couch.

During the struggle between Alwin and Rabun, Alwin was stabbed with Rabun's pocket knife. Police officers who responded to the scene of the altercation requested local hospitals to inform them of anyone seeking treatment for a knife wound. Around 1:50 a.m., Investigator Scott Peebles of the Richmond County Sheriff's Department received a call from Doctors Hospital that Alwin was in the emergency room seeking treatment for a stab wound to his right shoulder. Rabun was at the same hospital seeking emergency treatment and identified Alwin as the man who had attacked him earlier. *Held*:

1. Alwin alleges that the trial court erred in denying his motion for new trial because members of his jury panel were present in the courtroom during co-defendant Moose's guilty plea.

When the trial judge acts as factfinder on a motion for new trial, his findings must be upheld unless clearly erroneous. *Peralta v. State*, 276 Ga. 218, 219 (2) (576 SE2d 853) (2003). Here, Rabun and Smith testified at the motion for new trial hearing that they were present in the courtroom during co-defendant Moose's guilty plea; that they were familiar with and would have recognized the jurors selected to hear Alwin's case; and that no jurors selected to hear Alwin's case were present in the courtroom during Moose's guilty plea. Rabun and Smith testified that all jurors selected to hear Alwin's case were removed prior to the beginning of the guilty plea process. Rabun was able to recall and name everyone who was in the courtroom at the time of Moose's guilty plea and testified that he was sure no jurors were present.

There being evidence to support the trial court's finding that no jurors selected to hear Alwin's case were present in the courtroom

during Moose's guilty plea, such finding was not clearly erroneous and must be upheld by this Court. While Alwin and his mother testified to the presence of jurors in the courtroom during Moose's guilty plea, "[i]t was the function of the trial court at the hearing on the motion for new trial to determine witness credibility and to resolve any conflicts in the testimony between [the witnesses]. [Cit.]" *Lowery v. State*, 260 Ga. App. 260, 263 (3) (581 SE2d 593) (2003).

Alwin also contends that the jury was improperly informed during the trial that co-defendant Moose had entered a guilty plea. During the testimony of State witness Robert West, the defense made a hearsay objection to West testifying as to what co-defendant Moose had stated to West during a telephone conversation. In response to that objection, the prosecutor stated

> [i]n the pendency of conspiracy, before the conspiracy is all over, all statements of all co-conspirators would be admissible. He had been indicted and has entered a plea, subject to sentencing by the Court for conspiracy, Mr. Moose has, and it would not be hearsay because it's specifically excepted.

No objection was made at this time by the defense that the prosecutor's statement improperly put the fact that co-defendant Moose had entered a guilty plea before the jury. Thus, this issue was not preserved for appellate review. "Errors not raised in the trial court will not be heard on appeal. [Cit.]" (Punctuation and footnote omitted.) *Pena v. State*, 247 Ga. App. 211, 216-217 (3) (542 SE2d 630) (2000).

2. Alwin asserts that his trial counsel was ineffective in not moving for a *Jackson v. Denno*, supra, hearing. Alwin argues that his statement was involuntary and, therefore, inadmissible because he was not given *Miranda* warnings and he was hospitalized and on pain medication.

> In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are

upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.

(Citations and punctuation omitted.) *Washington v. State*, 276 Ga. 655, 658 (3) (581 SE2d 518) (2003). Alwin has failed to carry this burden.

There is no showing that trial counsel was deficient for waiving a *Jackson-Denno* hearing because Alwin has failed to provide a meritorious basis to contest the admission of his statement to police. During the trial of this case, Investigator Peebles testified that he was notified by Doctors Hospital, that an individual with a stab wound to the shoulder had been admitted to the emergency room. When Investigator Peebles arrived at the hospital, he did not tell Alwin he was investigating the case, but simply "asked him what happened to him." Alwin stated to Investigator Peebles that he was walking through an apartment complex trying to find a friend's apartment. Alwin went on to state that he had stopped at an unknown apartment and asked to use the telephone. After allowing Alwin to use the telephone, the occupants of the apartment pulled a knife and attempted to rob him. Alwin further stated that he did not realize he had been stabbed in the shoulder during the attack until he arrived at his home. After Alwin made his statement to Investigator Peebles as to the events that had led to him being in the emergency room, Investigator Peebles asked Rabun, who was at the same hospital for treatment for his injuries, if he recognized Alwin. Rabun identified Alwin as the person who had attacked him. Investigator Peebles testified, it was only after Rabun's identification that Alwin was placed under arrest.

> [A] statement is not inadmissible simply because an interviewing officer harbors a "secret intention of charging the suspect at a future time." (Footnote omitted.) *Taylor v. State*, 259 Ga. App. 457, 459 (576 SE2d 916) (2003). Instead, although a court must examine all circumstances surrounding the interrogation in deciding whether a suspect is in custody for *Miranda* purposes, "the ultimate inquiry is whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." (Footnote omitted.) Id.

*Thomas v. State*, 262 Ga. App. 492, 498 (3) (589 SE2d 243) (2003). Under the facts of this case, Alwin "clearly was not in custody when the questioning occurred, nor would a reasonable person in [Alwin's] position have understood the situation to constitute a restraint on his freedom of movement of the degree which the law

associates with a formal arrest." (Citation and punctuation omitted.) *Thomas v. State*, supra. Investigator Peebles was simply conducting an investigation. The fact that Investigator Peebles had sent another officer to the hospital to ensure that Alwin did not leave before Investigator Peebles arrived does not change this fact as there was no evidence that the other officer had any contact with Alwin. Further, "[t]he fact that a defendant is in pain or taking pain medication does not, in and of itself, render any statement made involuntary. Nor does the circumstance of a defendant being hospitalized and undergoing treatment require such a finding." (Citations and punctuation omitted.) *Myers v. State*, 275 Ga. 709, 713 (3) (572 SE2d 606) (2002). Here, Investigator Peebles testified that when he interviewed Alwin, "[h]e didn't have any problem communicating with me."

Further, Alwin failed to show that he was prejudiced under the second prong of *Strickland v. Washington*, supra. "[G]iven the exculpatory nature of the statement, [Alwin] has not shown harm by its admission." *Lowe v. State*, 259 Ga. App. 674, 677 (2) (578 SE2d 284) (2003).

Under this enumeration, Alwin also argues that trial counsel was ineffective in not requesting jury instructions on the voluntariness of his statement. This issue was not raised at the motion for new trial. All issues of ineffective assistance of counsel must be raised at the earliest practicable time, or that claim is procedurally barred from appellate review. *Jackson v. State*, 256 Ga. App. 829, 830-831 (2) (570 SE2d 40) (2002).

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED APRIL 23, 2004 —
RECONSIDERATION DENIED MAY 5, 2004 — 

Fleming, Jackson, Ingram & Floyd, Maureen O. Floyd, for appellant.

Daniel J. Craig, District Attorney, Madonna H. Little, Assistant District Attorney, for appellee.