## A06A0140. COOK v. THE STATE.
(625 SE2d 83)

BLACKBURN, Presiding Judge.

Following a jury trial and the denial of his motion for new trial, Randy Cook appeals his conviction on two counts of child molestation and one count of criminal attempt to commit child molestation. Cook contends that: (1) the evidence was insufficient to support the verdict; (2) the trial court erred in prohibiting him from questioning a State witness regarding a pending criminal charge; (3) the trial court erred in failing to declare a mistrial after a State witness testified regarding the victim's credibility; (4) the trial court erred in failing to declare a mistrial after the State improperly commented on potential defense theories during opening statements; (5) the trial court erred in denying his motion for new trial on the ground of unauthorized communications with the jury; and (6) the trial court erred in admitting a similar transaction into evidence. For the reasons set forth below, we affirm the conviction.

1. We first address Cook's contention that the evidence at trial was insufficient to support the verdict. According to OCGA § 16-6-4 (a), "[a] person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." Pursuant to OCGA § 16-4-1, "[a] person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." When evaluating the sufficiency of the evidence to support a conviction, we determine only whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt and the defendant no longer enjoys the presumption of innocence. *Jackson v. Virginia*;[1] *Short v. State.*[2] Furthermore, "[t]his Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence." *Escutia v. State.*[3]

So construed, the evidence shows that the acts for which Cook was convicted occurred while he was living with nine-year-old L. I.'s (the victim) grandmother. From the time she was six years old, L. I. would stay with her grandmother and Cook during holidays or other times when she was not in school and her mother had to work. L. I. testified that on multiple occasions, Cook fondled her breasts and private parts. L. I. further testified that Cook attempted to have her touch his genitals. L. I. initially informed her mother of Cook's actions and shortly thereafter repeated the details of the incidents to a therapist and two Department of Family and Children Services (DFACS) caseworkers.

Cook contends that the evidence was insufficient to support his conviction because it was entirely circumstantial. This contention is without merit given the fact that the victim herself testified that Cook molested her. Such testimony alone was sufficient to sustain Cook's conviction. See *Hopper v. State.*[4] Nevertheless, Cook further contends that the State's other witnesses were either tainted or had something to gain by testifying. These contentions, however, are similarly without merit, as this Court will not reweigh evidence already considered by the jury in this matter. *Escutia*, supra. The testimony

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[2] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[3] *Escutia v. State*, 277 Ga. 400, 402 (2) (589 SE2d 66) (2003).

[4] *Hopper v. State*, 267 Ga. App. 218, 220 (1) (598 SE2d 926) (2004).

of the victim and those to whom she reported Cook's actions constituted sufficient evidence to sustain Cook's conviction of child molestation and attempt to commit child molestation. See *Jackson v. Virginia*, supra; *Hopper*, supra.

2. Cook contends that the trial court erred in preventing him from cross-examining one of the State's witnesses regarding the theft charge pending against that witness in another jurisdiction. We agree that the trial court erred but find that the error was harmless.

Prior to the beginning of trial, the State moved in limine to prohibit Cook from cross-examining a former DFACS employee, who had interviewed the victim, about the charge pending against him after a recent arrest for theft. Despite Cook's argument that questions regarding this pending charge should be allowed to explore the witness's possible biases and interests, the trial court granted the State's motion.

"The Confrontation Clause of the Sixth Amendment guarantees the defendant in a criminal trial the general right to cross-examine witnesses against him as well as the specific right to cross-examine a key state's witness concerning pending criminal charges against the witness." *Byrd v. State*.[5] See also *Beam v. State*.[6] Moreover, although the extent of cross-examination is within the sound discretion of the trial court, cutting off all inquiry on a subject with respect to which the defense was entitled to a reasonable cross-examination is an abuse of the trial court's discretion and constitutes error. *Byrd*, supra at 427-428 (2). In this case, however, the error was harmless beyond a reasonable doubt since the witness's testimony regarding what the victim told him was cumulative and was also corroborated by testimony from the victim's mother, a therapist, another DFACS employee, and the victim herself. See *Delaware v. Van Arsdall*;[7] *Byrd*, supra at 428 (2); *Parker v. State*.[8] Accordingly, we find no reversible error.

3. Cook contends that the trial court erred in failing to declare a mistrial after a witness improperly testified regarding the victim's credibility. "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." OCGA § 24-9-80. Furthermore, "[i]t is well established that in no circumstance may a witness' credibility be bolstered by the opinion of another, even an

---

[5] *Byrd v. State*, 262 Ga. 426, 427 (2) (420 SE2d 748) (1992).

[6] *Beam v. State*, 265 Ga. 853, 856 (4) (463 SE2d 347) (1995).

[7] *Delaware v. Van Arsdall*, 475 U. S. 673, 684 (106 SC 1431, 89 LE2d 674) (1986).

[8] *Parker v. State*, 234 Ga. App. 137, 140 (5) (505 SE2d 784) (1998).

expert, as to whether the witness is telling the truth." (Punctuation omitted.) *Williams v. State.*[9]

During the direct examination of a DFACS caseworker who had interviewed the victim, the State asked the witness if the interview was emotional or upsetting. The witness responded, "Sure, because it was so genuine." Cook's counsel immediately moved for a mistrial, arguing that the witness's statement improperly commented on the victim's credibility. The trial court denied the motion and gave the following curative instruction:

> But, ladies and gentlemen, the ultimate question you're going to determine in this case is who is and who's not telling the truth and the credit that you give the testimony. For this lady to express in her opinion that this child's testimony is genuine, I'm going to instruct you to disregard that testimony. That is what you are to determine. You decide what's genuine, what's not; who's telling the truth, who's not; who's credible, who's not; not any of the witnesses that come up here and testify and give their opinions. Do y'all understand that? Okay.

After the instruction, Cook did not renew his motion for mistrial. He nevertheless maintains that despite this instruction the witness's testimony should have resulted in a mistrial. We disagree.

"It is well settled that where a defendant objects and moves for mistrial during the examination of a witness, and the trial court denies the motion but takes some corrective action, if the defendant is dissatisfied with that action, he must renew the objection or motion." *Rambo v. State.*[10] Because Cook failed to renew his motion for mistrial or object after the trial court gave its curative instruction, he has waived this issue for appellate review. See id.

Moreover, even if Cook had preserved the issue for review, we cannot find that the trial court erred in denying the motion for a mistrial. When a motion for a mistrial is made on the ground of improper bolstering of one witness's credibility by another witness in the presence of the jury, the corrective measure to be taken by the trial court is largely a matter of discretion. *Williams*, supra at 582 (2). See also *Samples v. State.*[11] Here, the trial court's curative instruction for

---

[9] *Williams v. State*, 266 Ga. App. 578, 581 (2) (597 SE2d 621) (2004).

[10] *Rambo v. State*, 266 Ga. App. 791, 793 (2) (598 SE2d 85) (2004).

[11] *Samples v. State*, 227 Ga. App. 596, 597 (1) (490 SE2d 172) (1997).

the jury to disregard the improper testimony was the proper corrective measure and the court did not abuse its discretion by refusing to grant a mistrial. *Williams,* supra. See *Samples,* supra.

4. Cook similarly contends that the trial court erred in failing to declare a mistrial after the prosecutor commented during opening statements on what the State anticipated Cook's defense would entail. The grant or denial of a mistrial is within the trial court's sound discretion and we will not disturb such a ruling absent an abuse of that discretion. See *Johnson v. State.*[12] Cook argues that the prosecutor's remarks improperly shifted the burden of proof to the defense and that the trial court's curative instructions were inadequate. We disagree.

It is inappropriate for a prosecutor in a criminal case to discuss in opening statement the evidence the State anticipates the defense will present at trial. *Parker v. State.*[13] "A criminal defendant is under no obligation to prove or disprove anything: the law is absolutely clear that a criminal defendant carries no burden of proof or persuasion whatsoever." (Punctuation omitted.) Id. Nevertheless, "if defense counsel objects to a statement of the prosecutor, and if the trial court instructs the jury that the remarks of counsel in opening argument are of no probative value, no error is committed where it does not appear that the remarks of the prosecutor were otherwise than in good faith." *Cargill v. State.*[14]

In this case, during opening statements, the prosecution stated, "Ladies and gentlemen, we anticipate the defense in this case to be I didn't do it, I wouldn't do it, this must be something that Stephanie Irvin, the mother of the victim, planted in this child's head." Cook's counsel immediately moved for a mistrial. The trial court denied the motion and provided the following curative instruction:

All right, ladies and gentlemen, in this country and in this state, everybody is presumed innocent until proven guilty. Mr. Cook over here is being tried today for these violations, for these offenses, but he comes into court presumed innocent. The State has to prove every allegation that they have in the indictment to make a case against him. Understand he's innocent until he's proven guilty; he's innocent until you, as jurors, if you decide he were to guilty — were to decide he's guilty after presentation of the evidence, then that's the point in time that he would be considered as being

---

[12] *Johnson v. State,* 268 Ga. App. 426, 427 (1) (602 SE2d 177) (2004).

[13] *Parker v. State,* 277 Ga. 439, 441 (2) (588 SE2d 683) (2003).

[14] *Cargill v. State,* 255 Ga. 616, 636 (21) (a) (340 SE2d 891) (1986).

guilty. Up till then, he's innocent. Everybody understand that? All right, anything to the contrary that was argued with [sic] the State, I'd ask you to disregard it and just remember that he's innocent until proven guilty.

Despite the instruction, Cook renewed his motion for a mistrial.

In addition to the instruction, after all the evidence was presented, the trial court charged the jury regarding the presumption of Cook's innocence, his right to not testify, the State's burden to prove guilt beyond a reasonable doubt, as well as the State's opening statement not constituting evidence. Given the curative instruction, the jury charge, and that the prosecutor's remarks appear to have been made in a good faith anticipation of what the evidence would demonstrate, we find that the trial court did not abuse its discretion in denying Cook's motion for a mistrial. See *Cargill*, supra; *Johnson*, supra at 428 (1).

5. Cook further contends that the trial court erred in denying his motion for a new trial on the ground that unauthorized communications occurred between the jury and an unknown person. We disagree.

At the hearing on Cook's motion for a new trial, one of the jurors from Cook's trial alleged that an unknown person entered the jury room during deliberations and answered a question regarding an issue about which the jury was confused. Although the juror recalled that the person was male, he could not recall any other details, including whether or not the person was a representative of the prosecutor's office or the exact nature of the question that was supposedly answered. Eight other members of the jury panel, and the alternate, also testified and contradicted this testimony. In addition, one of the jurors not present at the hearing submitted a sworn affidavit stating that she did not recall any person entering the jury room during deliberations. Subsequently, the trial court denied Cook's motion for a new trial.

When a jury is selected and sworn to try a person for a felony, the jury should be entirely separated from the world and no communication should be had with them, without leave of court, from the beginning of the trial until the verdict is rendered. See *McMichael v. State.*[15] Furthermore, where an unauthorized communication with a jury is shown, the presumption is that the defendant has been harmed and the burden is on the State to rebut this presumption. See id. at 309 (4); *Boy v. State.*[16] "[A] new trial will not be granted unless

---

[15] *McMichael v. State*, 252 Ga. 305, 308-309 (4) (313 SE2d 693) (1984).

[16] *Boy v. State*, 187 Ga. App. 487, 488 (370 SE2d 787) (1988).

there is a reasonable possibility that the improper evidence collected by jurors contributed to the conviction." (Punctuation omitted.) *Boy*, supra.

In deciding at a hearing on a motion for a new trial whether, as a threshold matter, an improper communication occurred, it is the function of the trial court to determine witness credibility. See *Alwin v. State*.[17] Moreover, the trial court's findings of fact on a motion for new trial will be upheld unless they are clearly erroneous. *Peralta v. State*.[18] Here, based on the jurors' testimony (save one), the trial court did not clearly err in finding that Cook failed to show that any unauthorized communication with the jury occurred. Accordingly, the trial court did not abuse its discretion in denying Cook's motion for a new trial. See id. at 219-220.

6. Cook also contends that the trial court erred in admitting similar transaction evidence regarding his prior sexual battery of a juvenile. He specifically argues that the trial court erred because the evidence was not sufficiently similar to child molestation and because the evidence's probative value was outweighed by its prejudicial effect. Again, we disagree.

In order to admit evidence of similar transactions, the State must show an appropriate purpose, sufficient evidence to establish that the defendant committed the similar act, and a sufficient connection between the similar act and the crime charged. *Lewis v. State*.[19] Appropriate purposes include showing motive, plan, scheme, bent of mind, and course of conduct. *Johnson v. State*.[20] "[I]n cases of sexual abuse of children, evidence of prior sexual acts performed on other children is admissible to show the lustful disposition of the defendant toward children, and, because there is seldom a competent witness other than the victim to what occurred, to corroborate testimony of the victim as to the acts charged." *Lewis*, supra at 42-43 (2) (a). The trial court's decision to admit similar transaction evidence will not be disturbed absent an abuse of discretion. Id. at 42 (2).

Prior to trial, the State filed the requisite notice of intent to introduce the similar transaction evidence of Cook's earlier sexual battery of 16-year-old W. S. After a hearing on the issue, in which the State argued that the evidence was appropriate to show Cook's lustful disposition, course of conduct, and bent of mind toward young girls, the trial court granted the State's motion. At trial, W. S. testified that several years before the charged molestations of L. I.,

---

[17] *Alwin v. State*, 267 Ga. App. 236, 238 (1) (599 SE2d 216) (2004).
[18] *Peralta v. State*, 276 Ga. 218, 219 (2) (576 SE2d 853) (2003).
[19] *Lewis v. State*, 275 Ga. App. 41, 42 (2) (a) (619 SE2d 699) (2005).
[20] *Johnson v. State*, 242 Ga. 649, 652-653 (3) (250 SE2d 394) (1978).

W. S. was traveling in a car with her aunt (Cook's girlfriend and L. I.'s grandmother), her grandmother, and Cook. While sitting in the back seat with Cook, W. S. fell asleep but awoke to find that Cook was touching her breast and had placed her hand on his genitals. After returning home, she informed her grandmother, mother, and father about Cook's actions. W. S.'s father also testified at trial regarding the incident and corroborated his daughter's testimony. He further testified that Cook admitted his actions when confronted. Cook was charged for the incident and entered a plea of nolo contendere.

Cook argues that the earlier sexual battery was not sufficiently similar because W. S. was 16 years old and not a child according to OCGA § 16-6-4. In cases involving sexual offenses, however, the rule regarding admission of similar transaction evidence has been liberally extended. See *Lewis*, supra at 43 (2) (b) (defendant's nocturnal back rubs involving 16-year-old daughter found sufficiently similar to sexual abuse of younger stepdaughter). We thus find that the evidence of Cook's earlier sexual battery was sufficiently similar to the acts for which he was charged here and was appropriate for showing Cook's lustful disposition toward molesting young girls. See id. at 43 (2) (a). Accordingly, the trial court did not abuse its discretion in admitting the similar transaction into evidence.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED DECEMBER 12, 2005 — ▮▮▮▮▮▮▮

*Melinda I. Ryals*, for appellant.
*Catherine H. Helms, District Attorney, Albert H. Tester, Assistant District Attorney*, for appellee.