# Court of Appeals
# of the State of Georgia

ATLANTA,    April 13, 2016

*The Court of Appeals hereby passes the following order:*

## A16A1320.  EDWARD JULIUS FINCH v. THE STATE.

Edward Julius Finch was convicted of armed robbery and other crimes, and we affirmed his convictions on appeal. *Drummer v. State*, 264 Ga. App. 617 (591 SE2d 481) (2003).[1]  Finch later filed a motion to set aside his judgment of conviction, arguing that there was no evidence that his indictment was returned in open court. The trial court denied the motion, and Finch appeals.  We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed.  See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper*, supra at 217, n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that—even assuming the existence and validity of the conviction for which the sentence was imposed—the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Accordingly, when a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Finch does not argue that his sentence fell outside the permissible statutory

---

[1] Drummer was Finch's co-defendant.

range; rather, he challenges the validity of his indictment. Thus, Finch has not raised a colorable void sentence claim. Accordingly, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,*____04/13/2016____
       *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
              *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*