A01A2488, A01A2489. AMAECHI v. THE STATE (two cases).

(564 SE2d 22)

POPE, Presiding Judge.

A Gwinnett County jury found Collins Amaechi guilty of robbery by sudden snatching. On appeal, Amaechi claims the trial court's erroneous instructions effectively prevented the jury from considering the lesser offense of theft by taking. He also claims that he received ineffective assistance of counsel and that the evidence was insufficient to support his conviction. For reasons which follow, we affirm.

Viewed favorably to the verdict, the record shows that on the afternoon of December 23, 1999, Benjamin Lamkin was playing basketball with a friend, Mark Morales, outside his home. Amaechi drove up in a black Honda Civic. Lamkin and Amaechi lived in the same neighborhood, and the two had been acquainted for over a year. Amaechi asked to look at Lamkin's necklace. Standing by the car and holding the necklace, Lamkin held it out past the open driver's side window so that Amaechi could examine it. Amaechi grabbed the necklace and put the car in gear. Lamkin stepped back from the moving car because he was afraid that it would run over his foot and released his grip on the necklace. Amaechi then drove away while Lamkin ran after the car, yelling for Amaechi to return his necklace, but Amaechi accelerated down the street. Lamkin spoke with Amaechi over the telephone several times, demanding that he return the necklace, but Amaechi feigned ignorance. Lamkin's mother also contacted Amaechi, and he promised to return the necklace but failed to do so. Amaechi finally told Lamkin that he would never get his necklace back.

## Case No. A01A2488

1. Amaechi claims the evidence was insufficient to support his conviction. We disagree. The evidence is sufficient if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y sudden snatching." OCGA § 16-8-40 (a) (3).

The testimony of Lamkin shows that Amaechi took the necklace from him by force. "Force is implicit in sudden snatching, both as a fact and as a legal proposition, the force being that effort necessary for the robber to transfer the property taken from the owner to his possession." (Citation omitted.) *Westmoreland v. State*, 245 Ga. App. 482, 484 (1) (538 SE2d 119) (2000). Amaechi claims other evidence shows that Lamkin handed him the necklace voluntarily. The jury was entitled to believe Lamkin's testimony even if it was inconsistent with other testimony given at trial. See *Royal v. State*, 217 Ga. App. 459, 460 (1) (458 SE2d 366) (1995). Lamkin's testimony was direct evidence of the crime, see *Davis v. State*, 266 Ga. 801, 803-804 (7) (471 SE2d 191) (1996), and Amaechi's argument that the evidence presented by the State amounted to no more than conflicting circumstantial evidence is baseless.

2. Amaechi next contends that the trial court erred by instructing the jury that the lesser offense of theft by taking could not be considered absent a unanimous acquittal on the indicted offense of robbery. The requirement of a unanimous acquittal may impermissibly preclude the jury from considering a lesser included offense. *Cantrell v. State*, 266 Ga. 700, 702 (469 SE2d 660) (1996). But the instruction given by the trial court, while not consistent with the wording favored by our Supreme Court,[1] is not erroneous. The trial court instructed the jury that:

> [I]f you, the jury, should find and believe beyond a reasonable doubt that the defendant did . . . commit the offense of robbery by sudden snatching, . . . then you are authorized to find him guilty. . . . If you do not believe he is guilty of the offense as alleged . . . , if you have any reasonable

---

[1] Our Supreme Court found the following charge preferable: " 'If you do not believe beyond a reasonable doubt that the defendant is guilty of (indicted crime), but do believe beyond a reasonable doubt that the defendant is guilty of _____, then you would be authorized to find the defendant guilty of _____.' " (Citation omitted.) *Camphor v. State*, 272 Ga. 408, 415 (6) (d), n. 5 (529 SE2d 121) (2000).

doubt as to his guilt, it is your duty to acquit him. In this particular case, if you find that the defendant did not commit the offense of robbery by sudden snatching as has been alleged, you do have the option of considering whether or not the State has proven beyond a reasonable doubt that the defendant committed the offense of theft by taking.

Our Supreme Court, in *Camphor v. State*, 272 Ga. 408, 414 (6) (d) (529 SE2d 121) (2000), found a similar charge ("Should you find the defendant not guilty of the crime of burglary, you would be authorized to consider . . . the lesser offense of criminal trespass"), did not warrant a reversal because the instruction did not require that the jury reach a unanimous verdict on the indicted offense before considering the lesser included offense. The court distinguished *Kunselman v. State*, 232 Ga. App. 323 (501 SE2d 834) (1998), upon which Amaechi relies, because the trial court in *Kunselman* charged the jury that they could consider the lesser included offense "if and only if" they found the defendant not guilty on the indicted offense. See also *Arnold v. State*, 249 Ga. App. 156, 162-163 (5) (545 SE2d 312) (2001). Accordingly, while the charge given by the trial court is not preferred, it was not erroneous.

3. Amaechi claims his trial counsel provided ineffective assistance of counsel by (a) presenting mutually exclusive and inconsistent defenses, (b) failing to request that the jury be charged on impeachment, (c) failing to request that the trial court charge on identity, (d) failing to object to the trial court's charge addressing when the jury could consider the lesser included offense of theft by taking, and (e) failing to object to the testimony of the investigating officer that he "substantiated" the case against Amaechi. Although we will consider each claim in turn, we find they have no merit.

In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, [466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), Amaechi] must show both that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. Furthermore, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions

are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Footnotes omitted.) *Jackson v. State*, 243 Ga. App. 289, 291 (3) (531 SE2d 747) (2000).

(a) Amaechi claims that his trial counsel was ineffective because he presented a mutually exclusive and inconsistent defense. We disagree. Amaechi testified at trial that he was in Mississippi at the time of the theft. His trial counsel also inquired into a number of things on cross-examination of the State's witnesses, such as the value of the necklace and whether the necklace was actually "snatched" or taken in some other way, with the purpose of establishing the lesser included offense of theft by taking as an option for the jury. This was a valid strategy. We do not agree that counsel with an alibi defense must fail to pursue, through thorough cross-examination, a weakness in the State's case if it appears the crime charged exceeds the acts shown. It could be true both that Amaechi was in Mississippi and that the State failed to prove the elements of its case.

Amaechi's reliance on *Ross v. Kemp*, 260 Ga. 312 (393 SE2d 244) (1990), is misplaced. In *Ross,* the defendant was represented by two attorneys each actively pursuing his own theory of defense, one defense being based on mental illness, the other on alibi. The attorneys even gave contradictory closing arguments. Id. at 314. This is qualitatively different from trial counsel's approach here.

(b) Amaechi argues that trial counsel rendered ineffective assistance by failing to ask the trial court to charge the jury on impeachment. Again, we disagree. Trial counsel was able to show some inconsistency in the testimony of the State's witnesses, but mostly on matters which were irrelevant or peripheral to the issues at trial. The relevant inconsistencies shown in the testimony of Lamkin included the testimony of Morales that he saw Lamkin pass the necklace to Amaechi before Amaechi drove off and the testimony of an investigating officer that Lamkin told him that he had removed the necklace and handed it to Amaechi. Lamkin's testimony was possibly inconsistent with that of Morales and the investigating officer with regard to Amaechi's forcefully taking the necklace out of Lamkin's hand, but consistent in the identity of the perpetrator, the theft of the necklace, and that Lamkin did bring the necklace over to Amaechi for closer inspection. Despite the inconsistencies, trial counsel, as reflected by his testimony in the hearing on motion for new trial, decided not to ask for a charge on impeachment because Amaechi also took the stand. The inconsistencies in the testimony of the State's witnesses were possibly a matter of innocent misinterpre-

tation, as opposed to intentional lying. Amaechi, on the other hand, was either telling the truth or not. Given these circumstances, failure to request a charge on impeachment, which would focus the jury on the manner in which a witness may be shown to be unworthy of belief, including impeachment by disproving facts which were testified to, see OCGA § 24-9-82, was a matter of reasonable trial strategy.

(c) Amaechi contends that trial counsel rendered ineffective assistance by failing to request that the jury be charged on identification. Lamkin testified that he knew Amaechi personally, and had even visited Amaechi's home, and that they had gone to the movies together. Lamkin said Amaechi was driving a black Honda, and Amaechi confirmed that he drove a black Honda. Morales made an in-court identification of Amaechi as the person who drove up to Lamkin's home while they were playing basketball. Nevertheless, Amaechi testified that he was in Mississippi when the crime occurred, and he maintains that the identity of the person who took Lamkin's necklace is at issue. Trial counsel testified in the hearing on motion for new trial that he decided an identification charge would not help the defense. Given the nature of the identification testimony, we believe a reasonable trial counsel could conclude that the defense could not show that Lamkin and Morales made a mistake in identification. Accordingly, we find that failure to request a charge on identification did not amount to ineffective assistance.

(d) Amaechi next claims trial counsel was ineffective in failing to object to the jury instruction concerning when the jury could consider the lesser charge of theft by taking. As we concluded in Division 2 above, the charge given was not erroneous. The better practice would have been for trial counsel to request the applicable model charge, as quoted approvingly by our Supreme Court in *Camphor*, but we cannot say that failure to do so was ineffective assistance.

(e) Finally, Amaechi claims that trial counsel was ineffective in failing to object to the following testimony by the investigating officer: "My investigation led [sic] to substantiate the allegation against Mr. Amaechi, at which time I secured a warrant for him for robbery by sudden snatching." Amaechi argues that this testimony is an expression of opinion by the officer as to the ultimate fact of Amaechi's guilt. See OCGA § 24-9-65. " 'Ordinarily, a witness may not express his opinion as to an ultimate fact, because to do so would invade the province of the jury.' [Cit.]" *Mitchell v. State*, 222 Ga. App. 878, 879 (3) (476 SE2d 604) (1996). Trial counsel could not give a reason as to why he failed to object. Assuming, without deciding, that the failure to object was ineffective assistance, in order to warrant a reversal Amaechi must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different." *Jackson*, 243 Ga. App. at 291 (3). The record does not warrant such a conclusion. In context, the officer is testifying as to why he issued a warrant for Amaechi's arrest. The State's case for conviction is based on the testimony of eyewitnesses Lamkin and Morales, and we conclude that it is not probable that the outcome would have been different if the questioned testimony had been excluded. A reversal is not required.

### Case No. A01A2489

In this case, Amaechi makes a pro se appeal of the trial court's decision to deny him an appeal bond. In view of our affirmance of Amaechi's conviction, this appeal is moot. *Warren v. State*, 247 Ga. App. 838, 843 (3) (545 SE2d 138) (2001).

*Judgment affirmed in Case No. A01A2488. Appeal dismissed as moot in Case No. A01A2489. Mikell, J., concurs. Blackburn, C. J., concurs in Divisions 1 and 3 and in the judgment.*

DECIDED MARCH 13, 2002 —
RECONSIDERATION DENIED MARCH 27, 2002 —

*Stepp & Randazzo, Glynn R. Stepp*, for appellant.
Collins C. Amaechi, *pro se.*
*Daniel J. Porter, District Attorney, Gregory D. McKeithen, Assistant District Attorney*, for appellee.