## A02A1675. CLARK v. THE STATE.
### (574 SE2d 344)

MILLER, Judge.

Following a jury trial, Richard Clark was convicted of armed robbery and possession of a firearm during the commission of a felony. On appeal he contends that (1) the evidence was insufficient to sustain the convictions, and (2) his trial counsel was ineffective. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that a man entered a shoe store when the store was about to close. The man forced two employees to the back of the store while brandishing a gun and forced one of the employees to open the safe. The man bound both of the employees with tape, stole money from the safe, and exited the store.

The police obtained Clark's fingerprints from a shoe box that had been touched by the robber, and both employees were able to identify Clark as the robber in a photo lineup. The employees also positively identified Clark at trial as the man who robbed the shoe store. The jury found Clark guilty of armed robbery and possession of a firearm during the commission of a felony.

Clark moved for a new trial, and at the motion for new trial hearing Clark argued that his counsel was ineffective for failing to call alleged alibi witnesses at his trial. However, none of these alleged alibi witnesses testified at the motion for new trial hearing, nor was Clark's trial counsel called to testify. The trial court denied the motion, and Clark now appeals.

1. Clark contends that the evidence at trial was insufficient to sustain his convictions. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Id.; see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here, two store employees positively identified Clark in a photo lineup and at trial as the man who robbed the store while brandishing a gun. There was also fingerprint evidence connecting Clark to the scene of the robbery. Ample evidence supported the convictions. See OCGA §§ 16-8-41 (a); 16-11-106 (b).

2. Clark argues that his trial counsel was ineffective for failing to call alleged alibi witnesses at his trial. He claims that the court erred in finding otherwise. We disagree.

To prove ineffective assistance, Clark was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

Here, Clark has failed to carry his burden of proving deficient performance and prejudice to his defense. Since Clark's trial attorney did not testify at the motion for new trial hearing, the decision regarding whether or not to call alibi witnesses is presumed to be strategic. *Rogers v. State*, 253 Ga. App. 675, 677-678 (3) (560 SE2d 286) (2002). In addition, none of the alleged alibi witnesses even testified at the motion for new trial hearing, which precludes any infer-

ence that the failure to call these witnesses resulted in any prejudice to Clark. *Swint v. State*, 250 Ga. App. 573-574 (552 SE2d 504) (2001). The trial court did not clearly err by concluding that Clark failed to meet his burden of proving ineffective assistance.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 25, 2002 —
RECONSIDERATION DENIED NOVEMBER 13, 2002

*Billy M. Grantham*, for appellant.

Richard A. Clark, *pro se.*

*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.