## A03A0218. LOWERY v. THE STATE.
### (581 SE2d 593)

ELLINGTON, Judge.

A Walton County jury convicted Melvin Lowery of three counts of aggravated assault, aggravated battery, kidnapping with bodily injury, two additional counts of kidnapping, armed robbery, burglary, hijacking a motor vehicle, and ten counts of possession of a firearm during commission of a felony. Following the denial of his motion for new trial and the grant of his motion for out-of-time appeal, Lowery appeals, contending he received ineffective assistance of counsel.

> To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. In analyzing a claim of ineffective assistance of counsel, we note at the outset that a trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous. Further, [the defendant] must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct.

(Citations and punctuation omitted.) *Harris v. State,* 258 Ga. App. 669, 671 (574 SE2d 871) (2002). "As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) *Grier v. State,* 273 Ga. 363, 365 (4) (541 SE2d 369) (2001).

Viewed in the light most favorable to the jury's verdict,[1] the evidence showed the following facts. On May 11, 2000, four masked men entered the victims' home in Walton County, threatened the victims with guns, and demanded drugs and money. The assailants bound the three victims with duct tape and moved them from room to room in their search for drugs and money. The assailants beat one victim and burned him repeatedly with an electric iron. After taking $300 from one victim, the assailants left, stealing her truck and taking the burned victim with them. Police later spotted the stolen truck and pursued the assailants. The driver of the stolen truck lost control and crashed the truck. The assailants fled into nearby woods.

Investigators arrested Lavar White in the woods. White admitted his involvement in the home invasion and named Lowery, Jarvis Thomas, and Isaac Pearson as the other assailants. Lowery and Pearson were tried together. White testified against them.

1. Lowery contends his trial counsel's performance was deficient in failing to move to sever his trial from that of co-defendant Pearson. He contends he was prejudiced by the joint trial because Pearson's counsel "was so ineffective that he essentially 'dragged down' Defendant Lowery with him." "Although [Lowery's trial counsel] testified at the hearing on motion for new trial, he was not questioned regarding [the] decision [not to seek a severance]. Therefore, the decision is presumed strategic, and strategic choices made after thorough investigation are virtually unchallengeable." (Punctuation and footnote omitted.) *Roberts v. State*, 257 Ga. App. 296, 298 (2) (a) (570 SE2d 708) (2002) (failure to request an independent psychological evaluation). See also *Duitsman v. State*, 217 Ga. App. 435, 437 (1) (457 SE2d 702) (1995) (failure to call an eyewitness). Accordingly, Lowery failed to carry his burden of showing deficient performance.

Further, by relying on his conclusory assertion that Pearson's counsel was ineffective, Lowery failed to show any reasonable probability that the verdict would have been different had he been tried separately. "[I]t is not enough for a defendant to raise the possibility that a separate trial would have given him a better chance of acquittal; a defendant is entitled to severance only where there is a clear showing of harm or prejudice and a showing that failure to sever would result in the denial of due process." (Citation omitted.) *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996). Under the facts of this case, the trial court was authorized to conclude that trial counsel's failure to seek a severance of the parties did not result in a deficient performance by counsel and did not prejudice Lowery under

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Strickland v. Washington*, 466 U. S. at 687. *Kelly v. State*, 267 Ga. at 253-254 (2).

2. Lowery contends his trial counsel's performance was deficient in failing to object to certain questions Pearson's counsel posed to an investigator which allowed the investigator to testify improperly, giving his opinion to the ultimate issue. "Ordinarily, a witness may not express his opinion as to an ultimate fact, because to do so would invade the province of the jury." (Citation and punctuation omitted.) *Amaechi v. State*, 254 Ga. App. 490, 494 (3) (e) (564 SE2d 22) (2002). Specifically, the investigator testified that there was "no doubt in [his] mind" and he believed "[w]ith all [his] heart" that Lowery and his co-defendants committed the acts charged in the indictment. Again Lowery did not question his trial counsel about this decision, and we presume it was strategic. *Roberts v. State*, 257 Ga. App. at 298 (2) (a); *Duitsman v. State*, 217 Ga. App. at 437 (1).

Further, even assuming that the failure to object was ineffective assistance, the record does not support a finding of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citation and punctuation omitted.) *Amaechi v. State*, 254 Ga. App. at 494-495 (3) (e). In context, the investigator was testifying as to why he conducted the investigation as he did. The State's case for conviction was based on the testimony of an accomplice and the victims, and we conclude that it is not probable that the outcome would have been different if the questioned testimony had been excluded. A reversal is not required. Id.

3. Lowery contends his trial counsel's performance was deficient in failing to call Lowery to testify in his own defense. "In Georgia, whether or not to testify in one's own defense is considered a tactical decision to be made by the defendant himself after consultation with his trial counsel." (Footnote omitted.) *Mobley v. State*, 264 Ga. 854, 856 (2) (452 SE2d 500) (1995). "[I]f counsel believes that it would be unwise for the defendant to testify, counsel may, and indeed should, advise the client in the strongest possible terms not to testify. The defendant can then make the choice of whether to take the stand with the advice of competent counsel." (Citation omitted.) Id.

At the hearing on Lowery's motion for new trial, Lowery testified that he told his counsel he wanted to testify but his counsel did not want him to take the stand. Lowery's trial counsel testified that he advised Lowery that whether to testify was his (Lowery's) decision, that for strategic reasons he strongly recommended Lowery not testify, and that Lowery ultimately agreed and chose not to testify. It was the function of the trial court at the hearing on the motion for new trial to determine witness credibility and to resolve any conflicts in the testimony between Lowery and his counsel. *Mobley v. State*,

264 Ga. at 856 (2). In this case, the evidence supports a finding that Lowery was well aware of his right to testify but agreed with his attorney's recommendation not to take the stand. Id.

4. Lowery contends his trial counsel's performance was deficient in failing to call an alibi witness. Lowery's counsel testified that he opted not to pursue Lowery's alibi, in part, because Lowery's girlfriend had given a statement to police that the State could have used to rebut Lowery's planned alibi. Trial counsel's strategic decision not to present an alibi which would have opened the door to very damaging evidence did not amount to deficient performance. *Allen v. State*, 272 Ga. 513, 517 (6) (c) (530 SE2d 186) (2000); *Hall v. State*, 243 Ga. App. 804, 806 (534 SE2d 196) (2000). In addition, the failure to call the unused alibi witness to testify at the motion for new trial precludes any inference that the failure to call the witness resulted in any prejudice to Lowery. *Clark v. State*, 258 Ga. App. 347, 348-349 (2) (574 SE2d 344) (2002); *Hall v. State*, 243 Ga. App. at 806.

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED MARCH 13, 2003.

*L. Sanford Cox III*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Jeffrey L. Foster, Assistant District Attorney*, for appellee.