A07A2099. McRAE v. THE STATE.
(657 SE2d 323)

BERNES, Judge.

Following a bench trial, Genos McRae was convicted of violating the Georgia Controlled Substances Act by possessing cocaine and marijuana with intent to distribute. McRae appeals from the denial of his motion for new trial, contending that he received ineffective assistance of counsel at trial. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the trial evidence shows that the City of Dublin Police Department had received several complaints about illegal drug activity occurring at McRae's hotel room at the Comfort Inn. The officers conducted surveillance and observed the foot traffic going in and out of McRae's hotel room. After a confidential informant made a controlled buy of cocaine at the hotel room, the officers obtained a search warrant for the premises.

When the officers executed the search warrant, McRae and another individual, Benwhan Taylor, were inside the hotel room. The officers observed marijuana laying on the bed in plain view. Taylor

---

also had two bags of marijuana in his pocket. During their search of the room, the officers discovered eight rocks of crack cocaine and cash in a nightstand drawer. The officers testified based upon their knowledge and experience that the manner in which the cocaine and marijuana were cut and packaged indicated the substances were intended for distribution. McRae spontaneously admitted to the officers at the scene that all of the drugs and cash, including those found in Taylor's pocket, belonged to McRae. Based upon this evidence, the trial court found McRae guilty of the crimes charged.

McRae contends that he is entitled to a new trial on the ground that his trial counsel rendered ineffective assistance. He argues that trial counsel failed to object to hearsay testimony regarding complaints made to the police that McRae was selling drugs out of the hotel room; failed to call any witnesses; failed to effectively cross-examine the state's witnesses; and imprudently requested the trial court's consideration of simple possession as a lesser included crime of possession with intent to distribute.

> [T]o establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Citation and punctuation omitted.) *Binion v. State*, 222 Ga. App. 333, 334 (1) (474 SE2d 208) (1996). McRae has not met the requisite standard in this case.

At the motion for new trial hearing, McRae failed to call his trial counsel as a witness and failed to present any testimony or evidence in support of his claims. As a result, McRae "made no affirmative showing that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy." (Citation and punctuation omitted.) *McClarity v. State*, 234 Ga. App. 348, 351 (3) (506 SE2d 392)

(1998). "In the absence of evidence to the contrary, [trial] counsel's actions are presumed to be part of trial strategy." (Citation, punctuation and footnote omitted.) Id. Moreover, McRae has not otherwise shown that he is entitled to prevail on his claims.

1. McRae argues his trial counsel was ineffective for failing to interpose a hearsay objection to testimony that complaints had been made to the police department about McRae's drug activity at the hotel room. Significantly, McRae's conviction followed a bench trial. "[D]uring a nonjury trial, it is presumed that the court is able to sift the wheat from the chaff and select only the legal evidence." (Citations and punctuation omitted.) *Giang v. State*, 285 Ga. App. 491, 493-494 (3) (646 SE2d 710) (2007). In the order denying McRae's motion for new trial, the trial court expressly stated that it did not rely on any hearsay evidence to support its judgment of conviction. Evidence of McRae's intent to distribute was otherwise established by the officers' properly admitted testimony regarding the manner in which the drugs were packaged and cut. As such, McRae's claim affords him no basis for relief. Id.

2. McRae next claims that his trial counsel was deficient for failing to call any witnesses to testify on his behalf. Because McRae failed to proffer the testimony of any uncalled witnesses, "it is impossible for [him] to show there is a reasonable probability the results of the proceedings would have been different." (Punctuation and footnote omitted.) *Duvall v. State*, 273 Ga. App. 143, 145 (3) (b) (614 SE2d 234) (2005). Absent the required proffer, it cannot possibly be said that the additional witnesses would have testified favorably to McRae. Id. See also *Dickens v. State*, 280 Ga. 320, 321-322 (2) (627 SE2d 587) (2006); *Wheat v. State*, 282 Ga. App. 655, 656-657 (1) (639 SE2d 578) (2006).

3. McRae also contends that his trial counsel failed to effectively cross-examine the state's witnesses. We disagree. McRae's sole claim is that his trial counsel failed to "challenge" the state's witnesses. Because McRae failed to offer any evidence at the motion for new trial hearing, he has not overcome the presumption that trial counsel's cross-examination was part of a deliberate strategy. *McClarity v. State*, 234 Ga. App. at 351 (3). Moreover, the record reveals that trial counsel's cross-examination of the witnesses was consistent with his ultimate argument to the trial court that McRae was guilty of committing only a lesser offense. Accordingly, this allegation affords McRae no basis for relief.

4. Finally, McRae contends that his trial counsel was ineffective for requesting the trial court to consider a lesser crime than possession with intent to distribute as charged.* In light of evidence showing that McRae confessed to ownership of all the drugs and cash found in the hotel room, trial counsel's decision to challenge the only material element distinguishing the offense of possession from the more severe charged offense of possession with intent to distribute was reasonable. See *Amaechi v. State*, 254 Ga. App. 490, 493 (3) (a) (564 SE2d 22) (2002) (finding it is reasonable trial strategy to pursue a weakness in the state's case if it appears the crime charged exceeds the acts shown). Thus, this claim as well affords McRae no basis for relief.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 31, 2008.

*John E. Morrison*, for appellant.
*Louie C. Fraser, District Attorney, Chad A. Pritchett, Assistant District Attorney*, for appellee.

---

* Trial counsel specifically argued as follows:
  The amount found was less than an ounce of suspected marijuana. The amount found of the suspected cocaine, less than an ounce. Now, Mr. McRae maybe at one time was a user, but he was not a distributor. . . . I ask the court to consider to weigh the amounts and to reduce the intent to distribute to a rate to attempt to distribute charges.

Although trial counsel's request for a reduced charge was unclear, it is otherwise apparent from his arguments and cross-examination of the witnesses that trial counsel sought the court's consideration of the lesser crime of simple possession rather than possession with intent to distribute or attempt to distribute.