## A07A1927. WILLIAMS v. THE STATE.
(660 SE2d 740)

BERNES, Judge.

A Bryan County jury convicted Clifford Lee Williams of child molestation. Williams appeals the trial court's denial of his motion for new trial, asserting several errors with respect to the admission of child hearsay testimony. He also contends that the trial court erred in admitting evidence of his similar criminal acts against the victim, that the prosecutor made improper comments during closing argument, and that his trial counsel rendered ineffective assistance. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict,[1] the evidence shows that Williams molested his niece, seven-year-old victim J. L., while babysitting her and her younger sister at his home. Williams coaxed the victim into his bedroom to play a game that he called "House." When Williams and the victim were alone in the bedroom, with the door closed, they lay on the bed underneath the sheets. As part of the "game," Williams touched the victim's vagina and taught her how to kiss "with [her] tongue like grown people do." The victim's aunt walked into Williams's bedroom unannounced and observed Williams and the victim together on the bed.

The victim looked at her aunt with "a funny face like something had been going on and she [had gotten] caught." The aunt informed her husband and the victim's father and stepmother of her observations. The victim later told her father that Williams had "put his hands in her panties and touched her where she pees out of." She also stated that Williams warned her not to tell anyone about the incident because they would both get in trouble.

The victim's father reported the molestation to the police. A police investigation ensued, and the victim was interviewed by a forensic interviewer. A videotape of the interview was admitted into

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

evidence at trial without objection. During the interview, the victim described the molestation and stated that Williams had pulled down her skirt and put his hand inside her panties. The victim also marked where Williams had touched her on an anatomically correct drawing.

Williams was interviewed during the police investigation. After being advised of his *Miranda* rights, Williams gave the investigating officers a written statement in which he admitted intentionally touching the victim's vagina. Thereafter, Williams signed a more detailed written statement, again admitting that he had inappropriately touched the victim while they lay in bed. Williams was subsequently arrested, charged, and convicted of child molestation.[2]

1. Williams contends that the trial court's admission of the victim's hearsay statements violated the dictates of *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004). Although his trial counsel interposed no objection to this evidence, Williams contends that the trial court should have excluded the evidence on its own motion. We disagree.

In *Crawford*, 541 U. S. at 68-69 (V) (C), the United States Supreme Court ruled that the state's admission of a testimonial statement against the accused, who had no opportunity to cross-examine the witness, violated the Sixth Amendment. As explained in *Howell v. State*, 278 Ga. App. 634, 637 (2) (629 SE2d 398) (2006), and in *Starr v. State*, 269 Ga. App. 466, 468-469 (2) (a) (604 SE2d 297) (2004),

> [t]he United States Supreme Court explicitly stated in *Crawford* that if a "declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." (Citations omitted.) [*Crawford*, 541 U. S. at 59 (IV), n. 9.]

See also *Campbell v. State*, 282 Ga. App. 854, 855-856 (2) (640 SE2d 358) (2006) (finding that the *Crawford* prohibition did not apply since the victim was available to testify at trial). In this case, Williams's trial counsel subpoenaed the victim and announced that he intended to call her as a trial witness. Although the victim ultimately was not called to testify, the record established that the victim was present and available for cross-examination. Consequently, there was no

---

[2] Although not specifically raised by Williams, the evidence was sufficient to sustain his conviction. OCGA § 16-6-4 (a); *Deal v. State*, 241 Ga. App. 879, 880-881 (1) (528 SE2d 289) (2000).

*Crawford* violation presented in this case. See *Campbell*, 282 Ga. App. at 856 (2); *Howell*, 278 Ga. App. at 637 (2); *Starr*, 269 Ga. App. at 468-469 (2) (a).

2. Williams presents several additional claims of error regarding the trial court's admission of certain child hearsay testimony and evidence of his similar offenses against the victim. Because his trial counsel failed to object to this evidence at trial, these claims were not preserved for appellate review. See *Brown v. State*, 280 Ga. App. 884, 888 (3) (635 SE2d 240) (2006); *Brock v. State*, 270 Ga. App. 250, 252-253 (4) (605 SE2d 907) (2004). See also *Cooper v. State*, 287 Ga. App. 901, 904 (3) (652 SE2d 909) (2007); *Woods v. State*, 276 Ga. App. 99, 101-102 (622 SE2d 436) (2005); *Bridgers v. State*, 183 Ga. App. 98, 99 (1) (357 SE2d 894) (1987). Williams's contentions that his trial counsel rendered ineffective assistance of counsel by failing to interpose objections to this evidence are addressed in Division 4 below.

3. Williams contends that the prosecutor made an improper argument which "tainted" the jurors' consideration of the case. The prosecutor argued that "[Williams would] like you to bail him out with a misdemeanor, sexual battery."[3] Williams's trial counsel objected to the argument and in response, the trial court instructed the jurors to disregard the prosecutor's improper argument and further instructed them that they were not to be concerned with whether sexual battery was a misdemeanor or a felony. Williams's trial counsel failed to renew his objection or move for a mistrial after the trial court's instruction, and, thus, failed to preserve this allegation of error for appeal. See *Cook v. State*, 276 Ga. App. 803, 806-807 (3) (625 SE2d 83) (2005).

4. Finally, Williams contends that he was denied effective assistance of counsel as a result of his trial counsel's failures to object to the introduction of the child hearsay testimony, to an impermissible comment on the victim's credibility, and to cumulative child hearsay testimony. He also argues that trial counsel elicited unfavorable testimony during his cross-examination of the witnesses.

> [T]o establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668 [(104 SC 2052, 80 LE2d 674)] (1984), defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the

---

[3] "A person convicted of the offense of sexual battery against any child under the age of 16 years shall be guilty of a felony." OCGA § 16-6-22.1 (d).

result unreliable. There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Citation omitted.) *McRae v. State*, 289 Ga. App. 418, 419 (657 SE2d 323) (2008).

At the motion for new trial hearing, Williams failed to call his trial counsel as a witness and failed to present any testimony or evidence in support of his claims. "As a result, [Williams] made no affirmative showing that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy." (Citation and punctuation omitted.) *McRae*, 289 Ga. App. at 419. See also *McClarity v. State*, 234 Ga. App. 348, 351 (3) (506 SE2d 392) (1998). The record further establishes that Williams's claims fail to present grounds for reversible error. We address these claims in turn.

(a) First, Williams argues that his trial counsel was ineffective for failing to object to the child hearsay testimony on the grounds that it violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution and *Crawford*, 541 U. S. 36. As explained in Division 1, an objection from trial counsel on this ground would have been meritless. "The failure to make a meritless objection does not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) *Ethridge v. State*, 283 Ga. App. 289, 290 (1) (a) (641 SE2d 282) (2007).

(b) Williams also claims that his trial counsel was ineffective for conceding the issue of reliability for admission of the child hearsay testimony. Although trial counsel initially requested a *Gregg*[4] pretrial hearing to determine the reliability of the child hearsay statements, he later stated that he did not object to the victim's reliability and waived the hearing.

Again, we discern no error. Williams has failed to show that an objection to the reliability of the child hearsay statements would have had any merit. The admission of child hearsay evidence is authorized if the trial evidence establishes that the circumstances of the statement provide sufficient indicia of reliability. See OCGA § 24-3-16;

---

[4] *Gregg v. State*, 201 Ga. App. 238 (411 SE2d 65) (1991).

*Gregg v. State*, 201 Ga. App. 238, 239-240 (3) (a) (411 SE2d 65) (1991).[5] "The statutory requirement is met if, after both parties have rested, the record contains evidence which would support such a finding." (Footnote omitted.) *Ingram v. State*, 262 Ga. App. 304, 306 (2) (585 SE2d 211) (2003). Here, Williams has not pointed to any evidence indicating that the victim's statements were unreliable. The victim gave a videotaped interview at a neutral location in a room alone with a professional forensic interviewer. The forensic interviewer testified that the victim was very bright and articulate and did not appear to be coached. The victim's videotaped statements were spontaneous, voluntary, and not coerced. The victim's videotaped statements were consistent with her other out-of-court statements. And, significantly, the victim's statements were consistent with Williams's statements to police. As such, the trial evidence established the reliability of the victim's statements. Trial counsel cannot be deemed ineffective for failure to make a futile or meritless objection. *Robbins v. State*, 290 Ga. App. 323, 331 (4) (d) (659 SE2d 628) (2008).

(c) Williams next contends that trial counsel failed to object to certain testimony by the investigating officer that commented upon the victim's credibility. During his cross-examination of the officer, Williams's trial counsel asked why the officer had obtained a second written statement from Williams. The officer responded that he needed more detail for the investigation and that he "knew there was more to it, and . . . knew that little girl wasn't lying to [him]." The officer's testimony included improper opinion testimony.[6]

Even though trial counsel did not object, the trial court gave a curative instruction that specifically informed the jury to disregard the officer's testimony commenting on the victim's credibility. The curative instruction was clear and "[t]he record does not support an assumption that, as a matter of law, the curative instruction[ ] [was]

---

[5] Factors that may be considered in determining the indicia of reliability include: (1) the atmosphere and circumstances under which the statement was made (including the time, the place, and the people present . . .); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child. (Citations omitted.) *Gregg*, 201 Ga. App. at 240-241 (3) (b).

[6] "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court. OCGA § 24-9-80. Furthermore, it is well established that in no circumstance may a witness' credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth." (Citation and punctuation omitted.) *Cook*, 276 Ga. App. at 805-806 (3).

not, or could not be, adhered to by the jury." (Citation omitted.) *Whiteley v. State*, 188 Ga. App. 129, 129-130 (1) (372 SE2d 296) (1988). We must presume that jurors follow the instructions of the trial court, and in this case, the trial court's curative instruction to disregard the improper testimony was adequate to correct any harm. *Truitt v. State*, 168 Ga. App. 616, 617 (1) (309 SE2d 895) (1983). Williams has therefore failed to show prejudice from this claim of error.

(d) Williams also contends that his trial counsel failed to object to cumulative witness testimony that reiterated the child hearsay. He argues that the "piling on" of testimony from several witnesses constituted improper bolstering and repeated endorsement of the victim's version of events. We find no error.

The child's father, the forensic interviewer and the investigating officer testified to the child hearsay statements at issue. At the motion for new trial hearing, Williams's appellate counsel conceded the admissibility of the victim's statements to her father. Thus, those statements afford no ground for reversal. Nor is reversal required by the trial court's admission of the victim's statements to the other witnesses. "[O]ur courts have consistently allowed the introduction of more than one statement per case under the child hearsay statute." *Patterson v. State*, 237 Ga. App. 80 (1) (514 SE2d 873) (1999), overruled on other grounds, *Brewer v. State*, 271 Ga. 605 (523 SE2d 18) (1999). Moreover, in light of Williams's confession, we find it highly unlikely that the outcome of the proceeding would have been different even in the absence of the challenged testimony.

(e) Williams next contends that trial counsel ineffectively failed to object to evidence that he had committed similar criminal acts against the victim when the state failed to provide prior notice of its intention to introduce the evidence. Evidence of prior difficulties between the defendant and the victim are admissible without prior notice or a hearing. See *Newby v. State*, 255 Ga. App. 356 (565 SE2d 565) (2002). Because an objection would have been meritless, Williams's ineffectiveness claim on this ground fails. See *Davis v. State*, 275 Ga. App. 714, 718 (3) (b) (621 SE2d 818) (2005).

(f) Williams also claims that trial counsel rendered ineffective assistance by eliciting unfavorable testimony from the witnesses on cross-examination. Notwithstanding Williams's claim, "[t]he scope of cross-examination is grounded in trial tactics and strategy, and will rarely constitute ineffective assistance of counsel." *Simpson v. State*, 277 Ga. 356, 359 (4) (b) (589 SE2d 90) (2003). Trial counsel's cross-examination of the witnesses delved into the details of the victim's statements in an apparent effort to challenge their credibility by showing the inconsistencies and the manner in which different facts were later added to expand the allegation. Although trial counsel's strategy ultimately did not result in an acquittal, it was not shown to

be patently unreasonable. "Such trial tactics and strategy are not susceptible to attacks of ineffective assistance; therefore, this enumeration is without merit." (Footnote omitted.) *Boyt v. State*, 286 Ga. App. 460, 462-463 (2) (a) (649 SE2d 589) (2007).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED MARCH 4, 2008 —
RECONSIDERATION DENIED APRIL 9, 2008.

*Craig T. Pearson*, for appellant.
*Tom Durden, District Attorney, Angel L. Blair, Assistant District Attorney*, for appellee.