## A10A0856. ROMANI v. THE STATE.
### (695 SE2d 303)

JOHNSON, Judge.

A jury found Giulio Romani guilty of aggravated child molestation and child molestation for acts committed upon his four-year-old daughter. Romani appeals from the denial of his motion for new trial, alleging that the trial court erred in (i) improperly admitting evidence under the Child Hearsay Statute, and (ii) preventing the testimony of one of his witnesses by erroneously dismissing the witness' interpreter. We find no error and affirm.

1. We first address Romani's claim that the trial court erred in admitting evidence pursuant to the Child Hearsay Statute without making a finding that "the child understood the difference between truth and falsehood." OCGA § 24-3-16 provides:

> A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

Here, the state introduced the victim's statements through testimony given by her mother, nurse practitioners who examined

---

the victim, a social worker who met with the victim, police investigators who interviewed the victim, and an acquaintance of Romani and the victim's mother. Romani failed to object to the introduction of any of this evidence. As a result, his claim that the evidence was improperly admitted pursuant to the Child Hearsay Statute was not preserved for appellate review.[1]

Even if it were otherwise, Romani's claim would present no grounds for reversal because the trial court

> need not make an express finding that the circumstances of the statement at issue provide sufficient indicia of reliability before admitting the statement, as this statutory requirement is met if after both parties have rested, the record contains evidence which would support such a finding.[2]

Here, the record contains evidence that (i) the victim made several spontaneous disclosures regarding acts committed upon her by Romani; (ii) according to an expert, the victim's disclosures were made using age appropriate language and did not appear to be coached by an adult; (iii) the victim's videotaped statements were consistent with statements she had made to her mother and therapist; (iv) such statements were made in a neutral location outside the presence of the victim's mother; and (v) the statements were made without the presence of threats or the promise of benefits. Based on the numerous indicia of reliability, the trial court did not abuse its discretion in admitting the child hearsay evidence pursuant to OCGA § 24-3-16.[3]

2. Romani also alleges that the trial court erred in dismissing the interpreter for one of his witnesses. Romani claims this witness would have testified (i) that the victim's mother told her that she did not believe Romani had improperly touched the victim, and (ii) that the victim's mother had a motive for fabricating evidence because she wanted to divorce Romani.

Here, the trial court dismissed the witness' interpreter after observing that the interpreter had watched the entire trial, including jury selection and the presentation of the state's case the previous day, and was speaking to Romani during the trial in a way that made the trial court doubt the interpreter's impartiality.[4] After dismissing

---

[1] See *Williams v. State*, 290 Ga. App. 841, 843 (2) (660 SE2d 740) (2008).

[2] *Krirat v. State*, 286 Ga. App. 650, 654-655 (2) (649 SE2d 786) (2007).

[3] See *Robbins v. State*, 290 Ga. App. 323, 331 (4) (d) (659 SE2d 628) (2008); see also *Revells v. State*, 283 Ga. App. 59, 69-70 (6) (640 SE2d 587) (2006) (trial court has broad discretion in determining the admissibility of child hearsay evidence).

[4] See *Henry v. State*, 265 Ga. 732, 736 (5) (462 SE2d 737) (1995) (a disinterested

the interpreter, the trial court asked his clerk to see if another interpreter could be provided.

While Romani now claims that the trial court's dismissal of the interpreter was in error, his trial counsel acquiesced to the dismissal and later asked the trial court to release the witness. Romani has, therefore, waived his right to complain of the dismissal on appeal.[5]

Moreover, even if Romani had preserved the alleged error for review and was able to demonstrate that the trial court abused its discretion in dismissing the interpreter,[6] he would still have to demonstrate that any error prejudiced his defense. Here, at the hearing for the motion for new trial, Romani failed to call the excluded witness to demonstrate what her testimony would have been,[7] and the testimony he claims she would have provided was merely cumulative of other evidence.[8] As a result, Romani has not shown harm as a result of the trial court's ruling, and we must affirm.[9]

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED APRIL 23, 2010 — 

*Marc A. Pilgrim*, for appellant.
*Patrick H. Head, District Attorney, John R. Edwards, Assistant District Attorney*, for appellee.

---

interpreter should be used whenever possible to prevent a biased or slanted translation).

[5] See *Kohlhaas v. State*, 284 Ga. App. 79, 81 (1) (643 SE2d 350) (2007).

[6] See *Pineda v. State*, 297 Ga. App. 888, 892 (2) (678 SE2d 587) (2009) (the use of an interpreter in the examination of a witness lies within the sound discretion of the trial court).

[7] See *Jividen v. State*, 256 Ga. App. 642, 647 (1) (d) (569 SE2d 589) (2002).

[8] See *Gordon v. State*, 294 Ga. App. 908, 911 (2) (670 SE2d 533) (2008) (exclusion of testimony was harmless because it would have been merely cumulative of other evidence).

